# WILLIAM PRICE and THOS. MARTIN, *vs.* WM. G. THOMAS and WILLIAM E. GEORGE, *et al.*

That one only of two appellants has filed an appeal bond, is no valid objection to the appeal; such a bond without summons and severance does not stay execution, which is the sole object of an appeal bond, as the appeal is good without it.

Exceptions to an award for defects apparent upon its face need not be verified by the oath of the exceptant, nor is it a valid objection to them that they are not signed by counsel, the fact that they were filed by the counsel in the cause being sufficient.

Exceptions to the regularity of an award are analogous to a motion in arrest of judgment, and are therefore not within the act of 1825, ch. 117, but bring up for review the regularity of the award, and any defect apparent upon its face may be inquired into, though not particularly specified in the exceptions.

Where the submission or reference requires the award should be returned under the hand and *seal* of the arbitrators, the omission of the *seal* is fatal and renders the whole proceeding void.

Price and Martin, *vs.* Thomas and George.

APPEAL from Washington county court.

In this case an action of *assumpsit* for goods sold and delivered, was brought by the appellees against the appellants and one Arthur Johnston, on the 18th of March 1846. An account, (the cause of action,) was filed with the declaration, with the affidavit of William G. Thomas, one of the firm of Thomas and George, and Richard Plumer, their clerk, as to its correctness, annexed thereto.

The defendants appeared, and, at March term 1847, the death of Johnston was suggested, the plea of final discharge under the insolvent laws filed by Martin, and an order of court passed referring, "according to the act of Assembly in such case made and provided, the whole matter in variance" between the parties, "to Daniel Sprigg, B. F. Voss, and George W. Norris, or any two of them," (persons selected by consent,) with power "to examine evidence on oath," and directing them, "or any two of them, when the whole matter in the premises between the parties in variance" is fairly adjusted, to return their award "in writing, under their hands and seals" to said court.

Sprigg and Voss, two of the referees, made returns of their award on the 22nd of March 1848, to the March term of that year.    This return states that on the 18th of December 1847, they notified the defendants, Price, Johnston and Fischer, that they would take testimony "on Tuesday, 28th inst., at four o'clock P. M., at the counting room of B. F. Voss," &c.; that they met at the time and place designated, took the affidavit of Jervis Spencer, Esq., which is annexed to the return, but Mr. Price having requested further time to produce testimony, they adjourned to the 27th of January 1848, and wrote him to that effect; that they met again on that day, but postponed their decision until the 1st of March; that, by request of Mr. Price, they again postponed final action until the 22nd of March, when they met and decided to admit plaintiffs' account as filed in court, except the last item of $65.09, being the private account of Johnston; that this account, with the affidavit attached, and the affidavit of Mr. Spencer, was the

only evidence upon which they awarded the claim to the plaintiff. They then award the sum of $447.53 as the amount due the plaintiffs, with interest from the 1st of March 1848, and signed, but did not *seal* their return.

Annexed to this return was a copy of the plaintiffs' account, but not of the affidavit thereto, and the affidavit of Mr. Spencer, the plaintiffs' attorney, in which he states that when the case came up for trial in the county court, Plummer was summoned as a witness, and being anxious to leave, and Mr. Price wishing to arrange the matter with the executors of Johnston, witness proposed that if he, Price, would agree to take Plummer's affidavit to the account, so as to supercede the necessity of his remaining, the case should be *continued*; that Price agreed to this arrangement, and further said he would take the account filed and the affidavit thereto as evidence, and it was unnecessary to take further proof of the said Plummer, and with this understanding the cause was continued.

The defendants then filed exceptions to the award, because: 1st, reasonable *notice* was not given to the representatives of Johnston; 2nd, a copy of the reference was not delivered to the adverse party or their attorney within three days last past; 3rd, the referees having met, adjourned from time to time, and finally made their award without giving some of the defendants notice of the time and place of adjournment; 4th, no notice was given to Martin of the time and place of the meeting of the arbitrators; 5th, that Mr. Price agreed to receive the evidence of Plummer, as deposed to, before the county court, and not before the arbitrators, and as the award shows they relied upon this testimony, it is error in law; 6th, they have not returned the affidavit made to the account; 7th, because of manifest other errors in law and in fact apparent on said award. These exceptions were filed in the cause, but not signed by counsel, nor were they verified by affidavit, but were accompanied by an affidavit of Martin, that he had no notice of any kind of the time and place when the arbitrators would proceed to make their award, and no intelli-

gence that they had acted until advised that the award had been made.

These exceptions the court overruled, and gave judgment upon the award against Price and Martin; the judgment against the latter being subject to his insolvent discharge. From this judgment the defendants appealed, Price alone filing an appeal bond.

The first record showed that the appeal was taken by Price alone, whereupon the appellees moved to dismiss the appeal, because the judgment below was against two, and the appeal was separately taken by one, without summons and severance. This motion was argued, and reference in its support made to 2 *Tidd's Pr.*, 1189; 2 *J. J. Marshall*, 72, *Young vs. Ditto;* 3 *How. Miss. Rep.*, 43, *Green vs. Planters' Bank*, and 5 *Do.*, 12, *Duvall vs. Cox*, but before it was decided a writ of diminution was asked for and granted, under which the record was brought up, as above, showing that the appeal was taken by both defendants.

The cause was argued before Le Grand, C. J., Eccleston, Mason and Tuck, J.

*William Price* for the appellants.   By the order of the court *all matters* in variance between the parties were referred to three arbitrators.   Their award is invalid for various reasons: 1st. The evidence of Mr. Spencer is not sufficient in law to warrant the award in favor of the plaintiffs.   See 4 *H. & McH.*, 295, 307, *Mahoney vs. Ashton.*   2 *H. & J.*, 402, *Dorsey vs. Gassaway.*   But suppose the agreement properly admitted the evidence, still the account admitted and the one offered is not the same, for the arbitrators reject the item of $65.09.   Again, an award will be set aside *on motion* if *affidavits* are taken instead of *oral* testimony, when the reference directs the arbitrators to take testimony.   *Russell on Arbitration*, 63 *Law Lib.*, 442.

2nd. Upon the reference in this case though two may act, yet they cannot do so without giving notice to the third of

their time and place of meeting, and if they do their award may be impeached. *Watson on Awards*, 59 *Law Lib.*, 80. *Russell on Arbitration*, 63 *Law Lib.*, 191, *and* 443. 30 *Eng. C. L. Rep.*, 80. 12 *Mees. and Wels.*, 714. The award must show *affirmatively* that the third arbitrator had notice of the meeting, and is only good on that condition.

3rd. The arbitrators proceeded *ex-parte* to take the only testimony adduced before them, the defendants not being present, and this is sufficient to vacate their award. *Billing on Awards*, 51 *Law Lib.*, 53. *Russell on Arbitration*, 63 *Law Lib.*, 175, 179, 443.

4th. No notice was given of the time and place of the last meeting on the 22nd of March 1848, when the award was made, and this is a fatal objection. It must appear upon *the face of the return* that such notice was given. 6 *H. & J.*, 406.

5th. The award is not under seal as required by the rule of reference, and this is a fatal objection, the rule being regarded as matter of record, and therefore a specialty. See *Act of* 1778, *ch.* 21, *sec.* 8. 1 *Ev. Har.*, 18, 20. 2 *Har. Ent.*, 157, 230.

6th. The award is not final and does not settle the whole matter in controversy. Martin pleaded his discharge under the insolvent laws, and the arbitrators take no notice of this plea, which is also a fatal objection to their award. *Russell on Arbitration*, 63 *Law Lib.*, 338, 339, 442. 11 *Wheat.*, 445, 465, *Carnochan vs. Christie. Watson on Awards*, 59 *Law Lib.*, 121. 9 *Metcalf*, 169. 32 *Eng. C. L. Rep.*, 363, *Rider vs. Fisher.* 15 *East.*, 211, *Smith vs. Johnson.* 16 *Mees. and Wels.*, 262, *Rees vs. Waters.* The arbitrators return their award taking no notice of the plea of insolvency, and yet the court render a judgment against Martin subject to his discharge, thus allowing the plea to be good.

*Jervis Spencer* and *Cornelius McLean* for the appellees, still insisted upon their motion to dismiss:—1st. Because the appeal bond being by one only stays the joint judgment, and therefore severance is necessary, see act of 1826, ch. 200.

They cannot get the benefit of a *severance* without *severing.* 2nd. Because the testimony taken, if any, has not been brought up by a bill of exceptions, and it does not appear that any testimony was taken by affidavits filed in court, and therefore this court cannot review the decision below.   7 *G. & J.,* 507, *Nesbitt vs. Dallam.*   Where objections *dehors* the award are ground of exceptions to it, the testimony must appear in the record.   6 *H. & J.,* 407, *Rigden vs. Martin.*   6 *H. & J.,* 12, *Cromwell vs. Owings.*

2nd. As to the objections to the validity of the award.   If the plea of insolvency was not considered by the arbitrators, it was the fault of the other side upon whom it was incumbent to call attention to what was omitted.   In a general reference an omission of matters of which arbitrators had no notice will not vitiate the award, but if specific matters are submitted, an omission will appear on the face of the award and render it null.   *Watson on Awards,* 59 *Law Lib.,* 121. *Russell on Arbitration,* 63 *Law Lib.,* 216.   As to the objection for want of notice, the arbitrators were under no obligation to give time after the *first* day and might *then* have made their award.   No testimony was taken after day, and what was then taken was regularly taken pursuant to notice to all parties.   The adjournments were simply accommodations to the defendant Price.   On this point of notice see *Watson on Awards,* 115, 116, 121, 134, *marginal paging.*   But suppose the testimony was not taken pursuant to notice, this was matter *dehors* and should have been proved by testimony on *affidavit.*   The evidence was fully sufficient, for Mr. Price the sole attorney then in the cause, agreed to take the affidavit of Plummer as evidence.   If this would be evidence before a jury, *multo fortiori* would it be before the arbitrators. But the court cannot entertain reasons for setting aside the award, which are not mentioned in the act of Assembly of 1778, ch. 21, sec. 8. 3 *H. & McH.,* 121, *Dorsey vs Jeoffray,* or unless supported by affidavit.   6 *H. & J.,* 407, *Rigden vs. Martin.*

3rd. This court since the act of 1825, ch. 117, is strictly an appellate court, and no point not decided below can be raised here, therefore the objection that the award was not returned under seal, not being a point made in the court below cannot be made here. The same objection also applies to other points argued by the appellant's counsel. As to the necessity of an award being under seal, see *Russell on Arbitration*, 236, 237, *marginal paging*.

4th. But the exceptions to the award are not properly in the case, because the paper is not *entitled* as of the case, nor is it signed by counsel which is essential. See 3 *Gill*, 257, 269, *Cross vs. Cohen.* 7 *Gill*, 76, *Sindall and wife vs. Campbell, et al.* 2 *Taunt*, 385. 2 *Chitty's Rep.*, 319. And they are not sworn to. 6 *H. & J.*, 403, *Rigden vs. Martin.*

MASON, J., delivered the opinion of this court.

We can discover no ground for the dismissal of this appeal. The objection that one only of the two defendants had appealed without summons and severance, raised upon the first record, has been obviated by the amended record, which shows that both defendants united in the appeal.

Because one only of the defendants filed an appeal bond, constitutes no valid objection to the appeal. The bond might have been omitted altogether, and still the appeal would have been sustainable. To do that imperfectly or incorrectly, which need not be done at all, will not prejudice a party's case.

The object of an appeal bond is merely to stay execution.

The bond in this case being filed by only one of the defendants, without summons and severance, did not operate as a stay of execution, and the defendants might have resorted to their execution at any time notwithstanding the bond.

Nor can we discover any valid objection to this appeal, because it was not brought up upon bills of exception. As this is like a case of a motion in arrest of judgment, as we shall presently show, it can be brought up upon appeal in the same way.

Price and Martin, vs. Thomas and George.

As a preliminary question, we will here remark, that the objections made to the exceptions because they were not signed by counsel, nor verified by affidavit, cannot be maintained. Exceptions to an award for defects apparent upon its face need not be verified by the oath of the exceptioner. Nor is it a valid objection that the exceptions were not signed by counsel. They appear to have been filed by the counsel in the cause, which we think was sufficient to impress them with the stamp of genuineness, which is all that is necessary.

Exception taken to the regularity of an award, is analogous to a motion in arrest of judgment, and therefore does not fall within the operation of the act of 1825, ch. 117. The exceptions in this case bring up for review the regularity of the award, and any defect apparent upon its face, is inquirable into, although not particularly specified in the exceptions.

We discover several defects apparent upon the face of the proceedings of the arbitrators in this case, any one of which is fatal to the award. The only one to which we need refer, is the omission of the arbitrators to return their award under seal. The submission or reference requires, that the award should be returned under the hand and seal of the arbitrators, and the omission to do so is fatal, and renders the whole proceeding void.

We deem it proper to add, as this case will go back upon a procedendo, that we think the deposition of the witness Plummer is properly in evidence in this cause. There was a consideration moving both parties, for the agreement to take this testimony in writing. The defendants got a continuance thereby, and the plaintiffs were to be excused from afterwards producing this witness in court. Now that the defendants have reaped their portion of the fruits of the agreement, it is too late for them to object to the enjoyment by the plaintiffs of the advantages which they had in contemplation when they entered into it. If the plaintiffs had insisted upon a trial when the witness was present, as they might have done, they might long ago have terminated this controversy; but as they

66      v.4

'thought proper to relinquish this advantage upon certain conditions, those conditions must be strictly enforced. Otherwise the plaintiffs may lose altogether the benefit of the testimony of this witness; and that too by no fault or misfortune of theirs. These views are based upon the supposition, that the agreement to take Plummer's testimony in writing, was clearly established.

Judgment reversed and procedendo awarded.