WILLIAM JOHNSTON and GEO. J. FISCHER, Adm'rs
of ARTHUR JOHNSTON, *vs.* WILLIAM E. GEORGE
and EVAN P. THOMAS.

Under the rule and practice of this court, a writ of diminution may be
applied for even after the argument of the case is commenced, and the
court will assume the truthfulness of the statements made in the suggestion
of the counsel, and will grant the writ without examining the record.

Where the record states that exceptions to an award were filed in the case,
"*by the counsel for the defendant,*" it is sufficient to show that they are genu-
ine, though they be not signed by counsel or entitled as of the case.

When a judgment of an inferior court is brought up for review, its correct-
ness must be determined by the state of the case, at the time it was ren-
dered, and this court cannot look to any thing subsequently thereto appear-
ing in the record.

APPEAL from Washington County Court.

This was an action of *assumpsit* originally brought by the
appellees against Price, Martin and Johnston, in March 1846.
At March term 1847, Johnston's death was suggested, and a
separate suit docketed and prosecuted against the appellants,
his administrators.   In November 1847, both cases were
referred under the act of Assembly, to certain referees who
made an award in March 1848.   To this award the record
states, "the counsel for the defendants, Johnston and Fischer,
administrators as aforesaid, filed the following exceptions."
These exceptions were not signed by counsel, nor entitled as
of the case.   The award and the exceptions are the same as
in the case against *Price & Martin*, reported in 4 *Md. Rep.*,
514.   These exceptions the court overruled, and gave judg-
ment on the award for the plaintiffs.

Afterwards, in December 1849, the defendants obtained a
rule to show cause, why said judgment should not be stricken
out, or at least opened, and they allowed to plead *plene
administravit*, on the ground of error, mistake and surprise.
They filed various affidavits in support of the rule, and others
were filed on the other side, the purport of all which is suffi-
ciently stated in the opinion of this court.   This rule the court

DECEMBER TERM, 1854. 453

Johnston's Adm'rs, vs. Thomas and George.

(WIESEL, A. J.,) discharged, and refused to strike out the judgment, from which judgment (as the record states) the defendants appealed.

After the argument of the case in this court was commenced, the counsel for the appellees insisted, that the appeal was confined to the propriety of the action of the court below, in refusing to strike out or open the original judgment, and that that judgment was not open for review here. The counsel for the appellants then, under the rule of this court, suggested a diminution, on the ground that the appeal was general, as well from the original judgment as from the refusal to strike it out, and that there is nothing in the record below so restricting the appeal. The counsel for the parties then made the agreement stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*J. Dixon Roman* and *William Price* for the appellants argued.

1st. That the appellants had the right to the writ of diminution asked for by their counsel. All the requisitions of the rule of court have been complied with, and the application is made in time. 2 *Md. Rep.*, 270, *Mitchell vs. Smith.* The appeal then, by the agreement, is to be considered as if taken from the original judgment, as well as from the refusal to strike it out or open it. That judgment was founded upon the same award as that in the case against *Price & Martin*, in 4 *Md. Rep.*, 514, and the exceptions are the same as in that case. The award was there declared to be void, and this decision must control this case.

2nd. The court erred in refusing to strike out the judgment. The affidavits show, 1st, that the counsel was not authorised to appear; 2nd, that he did not in fact appear; 3rd, that he did not in fact authorise the judgment, which was therefore an error of the clerk. We admit the general rule, that the client is bound by the acts of his attorney. There

is a strong moral necessity for this great principle, and public policy requires it, but it is not a necessity without limit.  Suppose the case of an attorney coming into court without *any authority* and confessing a judgment, or that he *never acts*, and proceedings are had in the case without his knowledge; in either case the court would have the power to give relief to the client : and here both these circumstances concur.  On this point see 6 *Johns. Rep.*, 296, *Denton vs. Noyes.*  9 *Gill*, 155, *Hall vs. Sewell.*  3 *Do.*, 247, *Baldwin vs. Wright.* 4 *Do.*, 20, *Doub vs. Barnes.*

*Jervis Spencer* for the appellees argued.

1st. That the application for the writ of diminution came too late.  The record was filed in this court in February 1852, and the motion is not made until after the argument is commenced.  But again, the record shows that there is no ground for the diminution : the appeal bond of the appellants, recites that the appeal was taken simply from the refusal of the court to strike out the judgment, and by this recital they are bound.

2nd. But suppose the writ be granted; then I say, that the affidavits filed in the case show that the exceptions to the award were put in without authority, and cannot have any effect whatever.  The judgment on the award is then good, because by the 11th section of the act of 1785, ch. 80, if there be no exceptions the judgment on the award follows as a *matter of course.*

LE GRAND, C. J., delivered the opinion of this court.

It was agreed in this cause, if the court should be of opinion the appellants were entitled to a writ of dimintion, as asked, that then the record should be considered as amended, so as to make it appear an appeal had been taken from the rendition of the judgment on the award, as well as from the refusal of the court to sustain the motion to strike out said judgment.

We have no doubt that under the rule and practice of this

DECEMBER TERM, 1854. 455

Johnston's Adm'rs vs. Thomas and George.

court the appellants, on the suggestion filed, are entitled to the writ. The suggestion contains all the necessary averments of the fact, that the appeal was asked from the original judgment, and the court must assume the truthfulness of the statement. Any other mode of procedure would impose, necessarily, on the court the duty of carefully examining the records in advance of the trials—and that too in a disputatious spirit—to discover whether or not the proposed amendment would be of importance to the interests of the party desiring it. Such a task would consume the time of the court to the great injury of the interests of its suitors. It has always been customary for the court to confide in the sworn statements of its officers, and there is certainly nothing in the circumstances of this case to require a departure from that habit. Being of the opinion that the appellants are entitled to their writ, under the agreement, we are to consider the record amended, so as to show an appeal both from the original judgment and from the refusal of the court to strike it out.

It appears from the record that there was rendered against the appellants, as administrators of Arthur Johnston, a judgment on an award made under reference of Washington county court. The proceeding originally commenced by an action against William Price, Thomas Martin and Arthur Johnston. At March term 1847, the death of Johnston was suggested; subsequently, the appellants, as his administrators, appeared, and the case was carried on against them. In the case against *Price & Martin*, (4 *Md. Rep.*, 514,) William Price was undoubtedly the attorney for the defendants. Under the order of court, in pursuance of the act of Assembly, both that case and the one which was carried on against the appellants, as administrators, were referred to certain parties. The referees made an award, which was filed in both cases, and on which a judgment was entered in both. To this award exceptions were filed in each case by "*the counsel for the defendants.*" These exceptions were not entitled in any cause, nor signed by any counsel, the only averment in the record in regard to them being, that they had been filed in

456 MARYLAND REPORTS.

Johnston's Adm'rs vs. Thomas and George.

each case "*by the counsel for the defendant;*" but this, say the court, in the case of *Price & Martin, vs. Thomas & George,* 4 *Md. Rep.*, 521, "was sufficient to impress them with the stamp of genuineness, which is all that is necessary." The same case decides the award in this case—for it is the same as the one in that case—is defective, for matters apparent on its face. This being so, it is clear the county court was wrong in overruling the exceptions filed and giving judgment, unless there be something else in the case which relieves it from the decision to which we have adverted.

It appears from some of the affidavits filed in support of the motion to strike out the judgment, that Mr. Alexander Neill was not authorised, and did not knowingly order his appearance to be entered in this cause, although .he was authorised and did understandingly appear in the other case and file the exceptions, a copy of which were also filed in this case and overruled by the court. It is upon these facts that the appellants ask that the judgment be stricken out, and upon them that the appellees insist the original judgment was properly rendered, because no exceptions were properly filed in the cause; and also, that under the act of Assembly of 1785, ch. 80, sec. 11, the judgment, as a matter of course, follows the award, where it has not been excepted to.

In considering the correctness of the original judgment, we are confined to the state of the case at the time it was rendered, and cannot look to anything subsequently thereto appearing in the record. To judge of the accuracy of the action of the inferior court by anything which did not appear to it, would be to do injustice to its opinion. Its judgment could only be pronounced on the *then existing* state of facts, and not upon anything which might, at any distance of time thereafter, be made to appear. And, contemplating the case, it is obvious to us the court erred in rendering the judgment. If the exceptions were properly in the case, then, under the decision in 4 *Md. Rep.*, 514, the award was defective, and on it no valid judgment could be entered up; and if, on the other hand, there was no counsel for the appellants in the case, then

there could be no legal award, for there could have been no legal reference, there being no one in such case to give consent to it. In either aspect of the case the judgment was erroneous, and ought to be reversed. But we are of opinion there was counsel in the case, and that it is a matter of indifference whether or not Mr. Neill was of counsel for the appellants. Mr. Price was undoubtedly so, and the exceptions, under the decision in 4 *Md. Rep.*, 514, must be taken, in any event, as having been filed by him; he being, most certainly, one of "the counsel of the defendants."

These observations dispose of the original judgment, and dispense us from all necessity of an examination of the affidavits filed on the motion to strike out the judgment. Reversing the original judgment, it follows, necessarily, that the ruling of the court on the motion to strike out must also be reversed.

*Judgment reversed and procedendo awarded.*