# MARYLAND REPORTS.

## DECEMBER TERM, A. D., 1859.

### WILLIAM BAKER vs. SAMUEL WINTER.

Defects *apparent on the face* of a lien claim filed under the mechanics' lien laws, may be taken advantage of by a *motion to quash* the *scire facias*, issued upon such claim, and such a motion is not within the operation of the Act of 1825, ch. 117.

Where the lien is claimed by a contractor or builder, the lien claim, under the Act of 1845, ch. 287, is sufficient, if it states in general terms the nature and character of the contract and the amount due under it.

A lien as filed, stated the claim to be "for doing all the work, and for furnishing all the materials done and used in and about the erection and construction of said tenements." HELD:

That this was not a sufficient compliance with the requirements of the Act of 1845, ch. 287, because the claim does not state the "nature and character" of any contract, either "in general terms," or in any terms.

A lien claim, dated the 1st and filed on the 3rd of November 1854, alleged that the work was done and the materials furnished "within the twelve months last past, and the work when completed was delivered by the" contractor to the owner "on the twenty-first day of September last." HELD:

That from this it is sufficiently shown that the lien was filed within six months after the *completion* of the work as required by the Act of 1838, ch. 205, sec. 13.

An amendment of a lien claim, authorised by the Act of 1845, ch. 287, sec. 1, cannot be made in the *Court of Appeals;* such amendments must be made in the court below.

1    v.15

Appeal from the Superior Court of Baltimore City.

This was a *scire facias* upon the following mechanics' lien, filed in the court below, by the appellee, on the 3rd of November 1854.

"SAMUEL WINTER, *vs.* WILLIAM G. W. JAEGER.—In the Superior Court of Baltimore City.

Samuel Winter, of the City of Baltimore, Maryland, claims a lien for the sum of nine hundred and four dollars and sixty-four cents, on a two-story brick tenement, intended for a coach factory, fronting on the south side of West street, in said city of Baltimore, fifty feet, with a depth of thirty-two feet, and situate at the south-east corner of West street and Creek alley, and on a one-story brick tenement, or back building, attached thereto, intended for a coach smith or blacksmith shop, twenty-one feet by twenty-four feet, and the lot whereon said tenements are erected, and the ground adjacent thereto and used therewith, of which the said William G. W. Jaeger was, at the time of doing the work and furnishing all the materials hereinafter mentioned, the owner or reputed owner, for doing all the work and furnishing all the materials done and used in and about the erection and construction of said tenements, the above amount being the balance yet unpaid on account thereof; said work was done and said materials were furnished within the twelve months last past, and the work when completed was delivered by the said 'Samuel Winter to the said William G. W. Jaeger, on the twenty-first day of September last.

SAMUEL WINTER."

"*Baltimore, 1st November* 1854."

The appellant, Baker, filed a petition claiming to be owner of the property before the lien was recorded, and asking to be allowed to defend the suit, and was allowed to appear and defend the action. Both he and Jaeger then filed pleas of *non assumpsit*, upon which issues were joined.

The facts of the case, and the rulings of the court below, (LEE, J.,) set out in the exception, are sufficiently stated in the opinion of this court.

The verdict and judgment were in favor of the plaintiff, and the defendant, Baker, appealed.

The cause was argued before LE GRAND, C. J., ECCLES- TON and BARTOL, J.

*Chas. E. Phelps* and *John Stewart* for the appellant.

The Act of 1838, ch. 205, sec. 11, enacts that *"every claim must set forth"* (among other things) "the amount or sum claimed to be due, *and the nature or kind of work done, or the kind and amount of materials furnished,* and the *time when* the materials were furnished or the work was done." The case of *Carson vs. White,* 6 *Gill* 17, decides that no mechanic has a lien in virtue of this Act who does not file a statement containing specifically the above particulars. It is plain, therefore, that if the plaintiff's case were that of an ordinary mechanic, or material man, he could not recover upon this claim. The supplementary Act of 1845, ch. 287, sec. 2, provides, however, that "when a claim is filed by a contractor or builder, nothing more shall be necessary than to state in general terms *the nature and character of such con- tract* and the amount due *under the same."* On any con- truction of this statute, however liberal, it is plain the words of the law have not been even "substantially complied with" in the present case. There is a total omission of any men- tion whatever of a *"contract,"* and of course no information is given of its *"nature or character,"* even in the most *"general terms."* Neither is the balance due stated to be due under a contract as required. 10 *Md. Rep.,* 257, *Hess & Reid vs. Poultney.*

Again, under sec. 13, of the Act of 1838, ch. 205, the claimant is bound to file his claim within "six months after the work shall have been finished, or materials furnished," or he has no lien. As this fact is essential to give him even a *prima facie* case, it should appear upon the face of the re- cord, and the omission cannot be supplied by parol. In the present case, not only are the items and dates not given, nor

Baker *vs.* Winter.

the "nature and character of the contract" stated, but there is a total failure to bring the lien *prima facie* within the law as regards *time.* The allegation that the work was done within *"twelve months,"* might as well have been within *twelve years,* for any purposes which the law has in view. The only date afforded by the claim, is that which fixes the day upon which the work was *"delivered* when completed." *Non constat,* that the work was completed on that day. The six months do not run from the date of the *delivery,* but from the date of *completion.*

If these views are correct, the motion to quash was improperly overruled. The defect being apparent upon the face of the proceeding, the motion to quash was a proper mode of taking advantage of it. 2 *Md. Rep.,* 334, *Lambden vs. Bowie.* In a somewhat similar case, in Pennsylvania, the court, on motion, ordered the claim itself to be stricken from the record, even before the *scire facias* issued. 5 *Watts & Sergt.,* 263, *Lehman vs. Thomas.* See also 30 *Penn. State Rep.,* 53, *City of Philadelphia vs. Sutter.*

But the appellee supposes this defect in his claim may be cured by amendment under sec. 1, of the Act of 1845, ch. 287, and he has made a motion to have such amendment made *in this court.* It is submitted, however, that whatever amendment this section may allow, must be made in the *court below,* and not here. This court, by the Constitution, has *appellate jurisdiction only.* It is confined to the *record,* and must act upon the case as *there presented.*

*Edward Duffy,* for the appellee, argued that the motion to quash was properly overruled:

1st. Because such a motion is not provided for, authorized or sanctioned by the mechanics' lien laws. No matter what defects, or irregularities, there may be in the claim or proceedings, they must be taken advantage of by plea, or in some other mode than by a motion to quash.

2nd. But if the motion is properly made, this court is confined by the Act of 1825, ch. 117, to the consideration of the

single defect, raised by the motion in the court below, viz: "that the plaintiff neglected to *file a bill of particulars* of his claim," and this objection is not tenable, because the Act of 1845, ch. 287, sec. 2, dispenses with a bill of particulars in cases, where, as here, the lien is claimed by a contractor or builder.

3rd. But if the objections urged in argument here, can be considered by this court, it is still insisted that the claim is not defective. The Act of 1838, ch. 205, sec. 11, shows what it is necessary to state in the claim. If it even were necessary that the lien should show upon its face that it was filed within six months after finishing the work, or furnishing the materials, it was so only from that part of this section, which says, "second, the amount or sum claimed to be due, and the nature or kind and amount of materials furnished, and the *time* when the materials were furnished, or the work was done, as the case may be." Now, the decision in *Carson vs. White* against the lien claimant produced the passage of the Act of 1845, ch. 287, sec. 2, under which the contractor need only state in general terms the nature and character of such contract, and the amount due under the same. The lien here states that Winter claims against Jaeger, a lien for $904.64, on certain property, for doing all the work, &c., of which Jaeger was at the time owner, which sum is the balance due on account thereof, and that Winter delivered the work when completed to Jaeger. Now the statement that "the work when completed was delivered to Jaeger, on the 21st of September," means, *critically*, that the work was completed on that day, otherwise you might substitute "after" for "when," without altering the sense. The lien does not use the word *"contract,"* but states facts which in law constitute a contract, and that is sufficient. Suppose Jaeger had employed Winter in the following terms: "Furnish all the materials and do all the work for me in the erection of this house," and that Winter had done so. That would be a good contract although the *price* was not named, the law implying that it was to be done for a reasonable

price. The lien in this case states just such a contract. It does not use the word *"contract,"* but it gives the language of it. It does not state the price, because no price was agreed on. If the words "for a reasonable price," had been inserted in the lien, it would be free from objection; but if those words were not used in the making of the contract, it is not necessary to insert them in the lien. It could hardly be intended that the lien claimant, in stating "in general terms the nature and character of his contract and the amount due under the same," is bound to state more than the language of the contract itself.

4th. Again, if the lien is defective it can be amended in this court. The Act of 1845, ch. 287, sec. 1, is the broadest amendment law we have. It states "that such amendments may, at *any time* hereafter, be made, &c., commencing with the claim and extending to *all subsequent proceedings."* If the court should be of opinion that the claim is defective in not stating on its face, when the work was completed, and the nature and character of the contract in general terms, and the price for which it was to be done, then the appellee proposes, and now moves this court to allow him to amend the lien by inserting therein the following: "and the said Winter in addition to the facts and claims set forth in his lien claim contained in the record in the cause, says further that the said work was done and materials furnished under a contract between said Jaeger and Winter, that said Winter should do all the work and furnish all the materials for and about the erection of said buildings at a reasonable price, and that said reasonable price was the sum of $1263.90; and he further says that said work was done and said materials furnished within six months before the filing of the original lien in the clerk's office of the Superior court.

*Note.*—The argument on other points is omitted.

Baker *vs.* Winter.

ECCLESTON, J., delivered the opinion of this court.

On the 3rd of November 1854, Samuel Winter, the appellee, filed, in the office of the clerk of the Superior court of Baltimore city, his claim for the sum of $904.64, against the property therein mentioned, and against Wm. G. W. Jaeger, as owner or reputed owner," &c., "for doing all the work and furnishing all the materials done and used in and about the erection and construction of said tenements, the above amount being the balance yet unpaid on account thereof." The claim then states that "said work was done, and materials were furnished within the twelve months last past, and the work when completed was delivered by the said Winter to the said Jaeger on the 21st day of September last."

On the 18th of April 1856, the writ of *scire facias* issued upon this claim. After the return of the writ, judgment by default was entered, which, by consent, was subsequently stricken out.

The appellant, Baker, having filed a petition setting forth his ownership of the property in question, was admitted as a party claimant, to defend the action.

The two defendants severally pleaded *non assumpsit,* upon which issues were joined.

The verdict and judgment being in favor of the plaintiff, this appeal was taken by the defendant, *Baker.*

After setting forth all the evidence offered at the trial, the bill of exceptions shows, that the plaintiff then asked an instruction which the court granted.

The defendant, Baker, then filed a motion "to quash the proceedings in this cause, because upon the filing of the lien upon which *scire facias* issued, the plaintiff neglected to file a bill of particulars of his claim, in accordance with the Act of Assembly in such case made and provided."

This motion the court overruled; and the defendant then offered three prayers. The first of which was granted, and the others were refused. Whereupon, exception was taken to the overruling of the motion to quash, to the granting of

the plaintiff's prayer, and to the rejection of the second and third prayers of the defendant.

During the argument in this court, the defendant's second and third prayers were abandoned.

Inasmuch as this decision will be based, exclusively, upon the questions arising under the motion to quash, there is no necessity for considering those which are presented by the prayers.

It has been contended by the appellee's counsel that such a motion as this cannot be sustained, no matter what defects may be apparent on the face of a lien claim. But to such a proposition we cannot yield our assent. The statutory provisions, in regard to the claim to be filed of record, must appear to have been complied with. *Carson vs. White*, 6 *Gill*, 27.

In *Campbell, Trustee of Harper, vs. Booth*, 8 *Md. Rep.*, 107, a motion was made to quash a *scire facias* upon a judgment in Baltimore county court. The motion was sustained in that court, but reversed on appeal. The reversal, however, resulted from the consideration that the irregularities relied on to sustain the motion, did not appear upon the face of the writ, and did not depend, exclusively, upon matters of record; but the objections were such as when disclosed by pleading, might present issues of fact proper for the consideration of a jury.

The objections urged, in argument, in support of the present motion, do not rest upon matters *in pais*, but are based upon alleged defects in the lien claim as filed of record. And if there are defects, in matters of substance, showing that the requirements of the lien laws have not been complied with, we see no good reason why a motion to quash the *sci. fa.* is not a proper mode of defence. But it is said, on the part of the appellee, that the motion alleges a single defect; which is, that "the plaintiff neglected to file a bill of particulars of his claim." And this, he insists, was not necessary for him to do; because the Act of 1845, ch. 287, did not require him, as a contractor or builder, to file a bill of particulars, but merely to state in general terms the amount due.

This being the only defect stated, it has been argued that the Act of 1825, ch. 117, will not permit any other now to be relied upon. But it has been held that neither demurrers nor motions in arrest of judgment come within the operation of that Act. And in *Price & Martin vs. Thomas & George,* 4 *Md. Rep.*, 514, where exceptions were taken to the regularity of an award it was decided, that any defect appearing upon the face of the award, might be inquired into, although not particularly specified in the exceptions. If, in the instances above mentioned, the Act of 1825, was not considered applicable, it would seem to be equally inapplicable to the present motion, in such a case as this.

If this be true, then it is proper to inquire whether the reasons urged by the counsel for the appellant to sustain their motion, are sufficient for that purpose. The first is, that the lien claim does not state in general terms, or in any terms, *the nature and character of the contract* upon which it is based. The second alleges that the claim does not show, with sufficient certainty, that the lien was filed within six months after the work was completed.

According to the decision in *Carson vs. White,* the Act of 1838, ch. 205, made it necessary that a lien, claimed under that law, should contain a *bill of particulars.* This, however, is rendered unnecessary, by the Act of 1845, ch. 287, sec. 2, when the lien is claimed by a contractor or builder. That law declares that, "where a claim or lien is filed by a contractor or builder, whether of the whole or of a part of such building, nothing more shall be necessary than to state in general terms the nature and character of such contract, and the amount due under the same."

In the lien as filed, Winter's claim is stated to be "for doing all the work and for furnishing all the materials done and used in and about the erection and construction of said tenements." This is deemed sufficient to show that his claim is made under the provisions of the Act of 1845, ch. 287. The question then arises, have the requirements of that Act been complied with? It is perfectly manifest that they have not-

2　v.15

The claim does not state the "nature and character" of any contract, either "in general terms," or in any terms.

The 13th sec. of the Act of 1838, ch. 205, requires a lien claim to be filed within six months after the work shall have been finished, or materials furnished. This provision has not been changed by any subsequent legislation.

The claim contains an allegation that, "said work was done, and said materials were furnished within the twelve months last past, and the work when completed was delivered by the said Samuel Winter to the said William G. W. Jaeger, on the twenty-first day of September last."

This is considered as equivalent to saying, that on the 21st of September last, the work, when completed, was delivered; or, on the 21st of September last, the work was delivered, when completed.

The claim is dated the 1st of November 1854, and is shown, by the record, to have been filed on the 3rd of the same month, consequently, the "twenty-first day of September last," mentioned in the claim, was the 21st of September 1854; and, therefore, understanding the language of the claim filed, to mean the work was completed and delivered on that day, it is sufficiently shown that the lien was filed within six months after the completion of the work.

The second reason urged in support of the motion to quash, therefore, does not present a valid objection to the lien. But the first does, and no motion to amend appearing to have been made, on the part of the plaintiff, in the court below, the defendant's motion to quash should have been sustained.

At the close of the argument in this court, the counsel for the appellee made a motion to amend the proceedings, claiming the right to have his proposed amendment made *here*, under the 1st section of the Act of 1845, ch. 287. The section provides "that such amendments may at any time hereafter be made in the proceedings under the said Acts of Assembly, now pending or hereafter to arise, commencing with the claim or lien filed or to be filed, and extending to

Baker *vs.* Winter.

all subsequent proceedings as may be necessary and proper to effect the objects, intents and purposes of the said Acts of Assembly; *provided, however,* that the amount of the claim or lien shall not in any or under any circumstances be increased or enlarged."

Having decided that the lien appears to have been filed within six months after the completion of the work, no amendment on that subject is necessary. The subsequent remarks must, therefore, be understood as relating to such portion of the appellee's motion as proposes to amend, by setting forth in the claim, in general terms, the nature and character of the contract, on which the claim is based.

Notwithstanding the apparently comprehensive language of the Act, it cannot be supposed the Legislature designed to authorize such an amendment in this court, having appellate jurisdiction only.

When a case has been tried below upon a claim, which is defective, not merely in form but in substance, without any application there presented for amendment, and an appeal is taken, if the defect should be amended in the court above, a decision upon the amended record will not be a decision upon the case as tried below and brought up by appeal, but one presenting very different questions. Such would certainly be the effect of granting the present application.

Where a *scire facias* issues upon a lien claim, which the defendant's counsel believes to be essentially defective on its face, although he may have other valid grounds of defence he may think it quite safe to rely only upon the apparent defect. Should the decision be against the defendant and he appeals, then, if in the court above, an amendment of the defect is applied for and granted, and the decision below is affirmed, there can be no opportunity for the defendant ever to avail himself of his other grounds of defence. Whereas, if such amendments are required to be made in the court below, then, the defendant will be in a position where he may present his defence, by such pleas and issues as may be proper for the decision of the court or of a jury.

Mayor & C. C. of Balto. *vs.* Pennington & Harlan.

Whilst such an interpretation of the statute, as will require the amendments to be made in the court below, cannot do any injury, or operate unjustly, to the claimant, a different construction might, and most probably would, in many instances, impose great hardships upon defendants.

Believing the court erred in refusing the appellant's motion, the judgment will be reversed and a procedendo awarded.

*Judgment reversed and procedendo ordered.*

(Decided January 24th 1860.)