Mayor, &c. of Baltimore *vs.* The Little Sisters of the Poor.

(Decided 28th June, 1881.)

THE MAYOR AND CITY COUNCIL OF BALTIMORE, and CHARLES WEBB *vs.* THE LITTLE SISTERS OF THE POOR.

*Notice of application to Mayor, &c. of Baltimore to Condemn and open McKim street, from Eager street to Hoffman street—Conformity between the Notice and the Ordinance subsequently passed—Construction of sec. 838, of Art. 4, of the Public Local Laws—Sufficiency of the Publication of Notice—Notice may be given before Application made—Lapse of time between Notice and application—Delay in passage of Ordinance.*

Notice that "application will be made to the Mayor and City Council of Baltimore, to open and condemn McKim and Valley streets from Eager to Hoffman street," &c., sufficiently describes McKim street as the same was ordered to be opened by Ordinance No. 142, sub-

sequently passed, which authorized and directed the Commissioners for Opening Streets, " to condemn and open McKim street, from Eager street to Hoffman street, as laid down on Poppleton's Map of Baltimore City ; " and there is a substantial conformity between the notice and the Ordinance.

Reference in terms to Poppleton's Map in the notice, was not necessary. In the absence of anything to the contrary, the notice implied that the proposed extension of McKim street, was intended to be made according to the designation thereof on Poppleton's Map.

The provision in the Code (Public Local Laws, Art. 4, sec. 838,) that, at least sixty days' notice shall be given of any application for the passage of an Ordinance for the opening of a street in the City of Baltimore, in at least two of the daily newspapers in said city, means that the notice shall be published in two of the daily newspapers of the city, and that a period of sixty days shall elapse after the publication of the notice, before any such Ordinance shall be passed.

The publication of a notice that application will be made to the Mayor and City Council of Baltimore, to condemn and open a particular street, in two daily newspapers published in the City of Baltimore, once a week in each paper, for nine consecutive weeks, the date of the first publication being the 24th day of December, 1875, nearly ten months before the passage of the Ordinance to condemn and open said street. is a sufficient compliance with the provision of sec. 838, of Art. 4, of the Code of Public Local Laws.

Notice that application will be made to the Mayor and City Council of Baltimore to condemn and open a particular street, may lawfully be given before the application has been made.

A notice that application would be made to the Mayor and City Council of Baltimore to condemn and open McKim street, from Eager street to Hoffman street, was published for the first time on the 24th day of December, 1875. The application was made on the 22nd day of May, 1876 ; and the Ordinance directing the condemnation and opening of said street was approved on the 16th day of October, 1876. HELD :

'That the lapse of time between the notice and the application, and the delay in the passage of the Ordinance, were not unreasonable, and did not render the Ordinance invalid.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, IRVING, RITCHIE and MAGRUDER, J.

*Thomas W. Hall, City Solicitor*, and *James L. McLane, City Counsellor*, for the appellants.

*Bernard Carter*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The bill of complaint in this case was filed by the appellee, a body corporate, praying for an injunction restraining the appellants from proceeding to collect an assessment upon the appellee's property, of benefits for the opening of McKim street from *Eager* street to *Hoffman* street. The facts are not disputed, and the appeal is from a *pro forma* decree granting the injunction.

The ground upon which the payment of the assessment is resisted, is that the Ordinance providing for the opening of McKim street is invalid, for the want of a sufficient preliminary public notice of the application for the passage of the Ordinance.

The alleged insufficiency in the notice as averred in the bill of complaint is:

1st. Because the published notice of application, required by the *Public Local Laws*, (2 *Code, Art. 4, sec.* 838,) did not sufficiently describe the street, as the same was ordered to be opened by the Ordinance subsequently passed.

2nd. Because the notice was not published for the time, and in the manner required by the provisions of the Code above cited.

Some other objections to the validity of the Ordinance have been urged by the appellee in argument, which will

be noticed after disposing of the two principal objections alleged in the bill.

The Ordinance in question was approved on the 16th day of October 1876, and provided for "condemning and opening *McKim street,* from *Eager street* to *Hoffman street,* as laid down on Poppleton's Map of Baltimore City."

It appears that by a resolution of the Mayor and City Council approved June 7th 1875, "the City Comptroller was directed to advertise the usual notice in the Baltimore City papers, that application will be made to the Mayor and City Council of Baltimore for the opening and condemning of the following streets to wit : McKim street from Eager street to Hoffman street; Hillman street from Eager street to Biddle street, and Valley street from Eager street to Hoffman street; said openings and condemnations of said streets to be in accordance with the location of the same on Poppleton's Map of Baltimore."

Under this resolution, the notice exhibited with the bill of complaint was published at the times, and in the manner stated in the bill; and it is therein alleged that no other or different notice was given of any application for the passage of the Ordinance in question. It appears, however, from the answer, and from the admission of facts in the record, that notice of application for the passage of the Ordinance, was given by publication in two of the daily newspapers of the city in the following words, viz.,

"Application will be made to the Mayor and City Council of Baltimore, to open and condemn McKim and Valley streets, from Eager to Hoffman streets, Orbel alley or Hillman street, from Eager to Biddle streets, and Ensor street from Chase to Hoffman streets." That this notice was published in the daily "Gazette" and "Evening News," once a week in each paper, for nine consecutive weeks, the date of the first publication being the 24th day of December 1875.

The application to open and condemn the several streets mentioned in the notice, "as laid down on Poppleton's Map of Baltimore City," was made to the Mayor and City Council on the 22nd day of May 1876.

On that day the application was read in the First Branch of the City Council, and referred to the Joint Standing Committee on Highways.

Before and at the time of the passage of the Ordinance, McKim street, as laid down on Poppleton's Map, was condemned, opened and used as a public street as far north as Eager street. To that point it pursued a course, not due north, but a little to the west of north. As delineated on Poppleton's Map, it ran in a course due north from Eager to Hoffman street.

Now the objection to the notice as published, is that it did not state that the application was to open and condemn McKim street from Eager to Hoffman street, *as the same was designated on Poppleton's Map,* and for this reason it is contended the Ordinance was invalid. In support of this position, the counsel relies on the case of *Mayor, &c. of Balto. vs. Grand Lodge, &c.,* 44 *Md.,* 437. In that case the variance between the notice, and the Ordinance afterwards passed, was material and substantial. The notice there was of an application "to open and condemn Lexington street from Holliday to Douglas street."

At that time Lexington street terminated at Holliday street, and the obvious meaning and purpose of the notice was, that it was proposed to extend Lexington street to Douglas street, which was a considerable distance to the north-east. The Ordinance provided for the opening of a street from Gay street to Douglas street, thus leaving the space, a whole square, between Holliday and Gay streets unopened; and the new street provided for by the Ordinance, though called Lexington street, did not in any manner connect with or form an extension of Lexington street, as the same actually existed.

APRIL TERM, 1881.          405

Mayor, &c. of Baltlmore *vs.* The Little Sisters of the Poor.

The Court therefore had no hesitation in saying that the notice gave no information whatever to the parties interested, of the provisions of the Ordinance subsequently passed.

It was held that the object of the preliminary notice required by law, was " to give to property holders, whose interests were to be affected by assessments of damages and benefits, notice of what was proposed to be done, and thus secure to them the opportunity to promote or resist the contemplated improvement, by the appropriate expression of their views for or against it, before the City Council."

And it was decided that there must be a substantial conformity between the notice and the Ordinance.

In *Bouldin's Case*, 23 *Md.*, 370, it was held that technical precision in the notice was not required.

In the case before us, the notice was substantially in conformity with the Ordinance. It was not necessary that it should refer in terms to Poppleton's Map. In the absence of anything to the contrary, the notice implied that the proposed extension of McKim street, was intended to be made according to the designation thereof on Poppleton's Map.

In *Stewart vs. Mayor, &c.*, 7 *Md.*, 500, the notice was that an application would be made " to open and condemn Baltimore street, from the east side of Fulton street, to the city limits ;" it was held that the notice was sufficient, although it made no reference to Poppleton's Map—*see pages* 502 *and* 511.

The next objection relied on by the appellee, is that the notice was not published as required by law.

The provision of the Code requires, that " *at least sixty days' notice shall be given of any application for the passage of such Ordinance*, in at least two *of the daily newspapers in the said city.*"

It is clear that the statute does not require a daily publication for sixty days in two newspapers, nor does it

specify any number of times for the publication.   Accord-
ing to its true construction, it requires that the notice
shall be published in two of the daily newspapers of the
city, and that a period of *sixty days* shall elapse after the
publication of the notice, before any such Ordinance
shall be passed.   Such has been the construction and uni-
form practice, ever since the Act of 1838, ch. 236, was
passed, containing the same provision now embodied in the
Local Code, *Art. 4, sec.* 838.

In *Bouldin's Case*, 23 *Md.*, 328, in which the question
of the sufficiency of the notice was fully discussed, the
record shows that it had been published four times in
each of two daily newspapers.   It was not suggested by
the counsel for the appellee in that case, that such a pub-
lication was not sufficient, provided it had been made at
least sixty days before the Ordinance was passed.   (See p.
359.)

The point was therefore not distinctly referred to by the
Court; but it was held that the publication of the notice
was sufficient.

The cases of *White vs. Malcolm*, 15 *Md.*, 529, and *John-
son vs. Dorsey*, 7 *Gill*, 269, 286, in which analogous ques-
tions arose, are strong authorities in support of the posi-
tion taken by the appellant.

In our opinion, the publication of the notice in this
case, was a sufficient compliance with the provisions of
the Code.

We are also of opinion that the notice may lawfully be
given, before the application has been made to the Mayor
and City Council.   This was decided in *Stewart's Case*, 7
*Md.*, 500, before cited.

There is no force in the objection that an unreasonable
time elapsed after the notice, before the application was
made, and the Ordinance was passed.   The application
was made on the 22nd day of May, 1876, about ninety
days after the last publication of the notice; the law re-

quires that sixty days shall elapse; the delay of thirty days longer cannot render the Ordinance invalid; nor can the delay in passing the Ordinance have that effect; it was approved on the 16th day of October in the same year, and during the same session of the City Council.

. The Ordinance in question being valid, there is no ground alleged in the bill upon which the appellee can be relieved from paying the assessment; the *pro forma* decree must therefore be reversed, and the bill dismissed.

> *Decree reversed, and*
> *bill dismissed.*

(Decided 28th June, 1881.)