(Decided 6th February, 1890.)

---

THE PHILADELPHIA, WILMINGTON AND BALTIMORE RAILROAD COMPANY *vs.* WILLIAM H. SHIPLEY, Examiner, &c.

*Sufficiency of Notice—Pleadings—Demurrer—Art. 3, sec. 228, of the Code of Public Local Laws—Opening streets in Baltimore County—Agreement of Counsel to Amend record—Art. 3, sec. 226, of the Code of Public Local Laws—Examiner—County Commissioners—Their powers—Mandamus.*

Where a law requires "at least ten days notice, by publication in one or more newspapers" of an application to open a street, such requirement is gratified by a single publication in the newspaper or newspapers selected for that purpose.

Phil., Wilm. & Balto. R. R. Co. *vs.* Shipley, &c.

Where a plea alleges the presentation of a certain petition, setting the same forth at length, and that certain action was had thereon, a demurrer to the plea does not admit the truth of the statements made in the petition. The most that it admits is that said petition was filed, and action was had thereon, as stated in the plea.

By sec. 228, Art. 3 of the Code of Public Local Laws, relating to the opening of streets in Baltimore County, it is provided that "after such ratification and confirmation" (that is after the examiner's statement, plat, &c., have been fully ratified by the County Commissioners,) "the said examiner or examiners shall proceed forthwith to notify the owner of the property assessed for benefits, by means of bills specifying the sum so assessed, and warning him that if the same is not paid within sixty days from the date of said bill, the said examiner or examiners will either proceed to sell the * * * property * * * or sue him in *assumpsit*." In an action brought under this law by an examiner, it was stated in the declaration that "after the final ratification of said statement by the said commissioners, the plaintiff made due demand for the difference between the amount so assessed for benefits on the defendant and the amount allowed him for damages, and that the defendant refused to pay the same." Upon demurrer it was HELD:

1st. That the declaration was fatally defective for failing to allege that the examiner had, as the law directed, notified the defendant, by means of a bill for the amount of the assessment, and warned him that if said bill was not paid in sixty days from the date thereof his property would be sold, or he would be sued.

2nd. That in the absence of an allegation to that effect, the Court could not infer that the examiner had given such notice and warning.

While agreements to amend the record so as to present the same case on appeal which was heard below are always permitted, counsel will not be allowed to make agreements to amend the record so as to present to this Court a case which was not before the Court from which the appeal was taken.

Under sec. 226 of said Article 3, Public Local Laws, the County Commissioners in Baltimore County have no power as to the opening, grading and construction of streets after they have been duly located.

The award of damages and benefits made by the examiner is required to be filed by him with the County Commissioners; and if no appeal be taken within the time limited, it is the duty of the Commissioners to confirm the award as so returned; and *mandamus* will lie to compel them to do so.

Having no power to decide whether they will or will not make a final order of ratification, they have no power to revoke such order after it has been made.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*George R. Willis,* for the appellant.

. *D. G. McIntosh,* and *Fielder C. Slingluff,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action of *assumpsit* brought by the appellee, William H. Shipley, examiner, against the Philadelphia, Wilmington and Baltimore Railroad Company, the appellant, to recover an assessment claimed to be due under certain proceedings had before the county commissioners of Baltimore County, by virtue of chapter 399 of the Acts of 1876, and the amendments thereto, constituting what is known as the "Street Law" of said county.   Inasmuch as the sufficiency of the declaration is questioned, it will be necessary to set it forth somewhat fully.   It alleges the filing of the petition by certain persons, owning a majority of front feet, to have the proposed thoroughfare duly condemned, opened, graded, and constructed as provided by said Act of 1876; that the said plaintiff, Shipley, was duly appointed

Phil., Wilm. & Balto. R. R. Co. *vs.* Shipley, &c.

examiner for such purposes; that the ten days notice required by said Act was duly given by inserting the same, both in the Maryland Journal, a newspaper published at Towsontown, and in the Baltimore Sun, on the 4th February, 1888. This notice is set forth in the *narr.* and states that the oath required has been taken.

The declaration further alleges that, after having complied with all the requirements of said Act of 1876, the said examiner gave the other two notices, as follows: That the second notice was published in the Baltimore Daily News February 23rd, and March 2nd, 1889, and in the Baltimore County Democrat, published at Towsontown, on the 23rd of February, 1889; and that the third and last notice was inserted once a week, for three successive weeks, in both the Baltimore Evening News and the Baltimore County Democrat.

Both of these notices, like the first, are incorporated in the *narr.*

It is further alleged that no appeal was taken within the time allowed by said Act, and that the commissioners of said county thereupon duly ratified the said statement, and that all the proceedings taken by said examiner and by said commissioners were in strict conformity with the provisions of said Act and its amendments; that the assessment made against the defendant was $1500, and the amount allowed for damages was one dollar; that after the final ratification of said statement by the said commissioners the plaintiff made due demand for the difference between the amount so assessed for benefits on the defendant, and the amount allowed for damages, and that the defendant refused to pay the same.

To this declaration the defendant pleaded one plea, which alleges that after the final ratification on the 29th of May, 1889, of said statement by the county commissioners, a petition was filed with them by a large num-

ber of persons; and that upon hearing said petition the said county commissioners passed an order, and that the effect of said order was to rescind and revoke the order of ratification passed by said commissioners, and that the plaintiff is not entitled to maintain this action.

Both the petition and order above mentioned are set out in full in said plea.

To this plea the plaintiff demurred, and the Court below sustained the demurrer, and entered judgment *pro forma* in favor of the plaintiff for the amount of the assessment claimed to be due.

The demurrer calls in question the sufficiency of the declaration, as well as that of the plea to which it was interposed.

First, then, in regard to the declaration. It is assailed on several grounds, but from the view we entertain, we think it necessary to consider only two of them; namely,—

First, whether the allegations of the declaration show that the plaintiff complied with the provisions of the Act in regard to giving notices; and

Second, whether under the declaration as it stands, and without considering the agreements of counsel filed in this Court, any right of action whatever has accrued.

The notices required to be given by the Act under which this suit is brought are three in number:—first, (using the words of the Act) "the examiner shall give at least ten days notice by publication in one or more newspapers published in Baltimore County, and one newspaper of general circulation published in Baltimore City," that application has been made to open said street; second, he "shall give fifteen days notice in one or more newspapers published in Baltimore County, and one or more newspapers published in Baltimore City, that said statement, plat, &c., are ready for examination," and that he will meet at such time and place as

may be designated in said notice to hear objections to said statement, plats, &c.; and third, he is required "to notify all persons interested, by an advertisement, to be inserted once a week for three successive weeks, in one or more newspapers in Baltimore County, and in one or more newspapers of general circulation, published in Baltimore City, that said statement, plat, &c., have been deposited with the county commissioners."

We think that when the declaration is tested by these statutory provisions, it clearly appears by its allegations that the plaintiff did all that he was required to do in giving notices. In the case of the *Mayor, &c. of Baltimore vs. The Little Sisters of the Poor,* 56 *Md.,* 405, the Court in construing a statute requiring that "at least sixty days notice shall be given" said: "It is clear that the statute does not require a daily publication for sixty days in two newspapers, nor does it specify any number of times for the publication."

And in the case of the *Central Savings Bank vs. Mayor, &c. of Baltimore,* 71 *Md.,* 517, involving the validity of the proceedings for opening Douglass street in Baltimore City, Judge BRYAN delivering the opinion of the Court says: "The Act of Assembly expressly requires that before any ordinance shall be passed for opening * * * a street in the City of Baltimore, sixty days notice of an application for its passage shall be given in two of the daily newspapers in the city. * * * The statute does not direct that the notice shall be published any specified number of times; it merely requires that it shall be given. A notice may be given once, twice or a dozen times, * * * but it is difficult to infer that it must be repeated from the mere requirement that it shall be given."

And in this case we think the one publication in each of the two papers mentioned was enough to gratify the statutory requirement.

It is true, as urged by the appellee, that the first notice could have been published twice within the ten days in a Baltimore County weekly paper, and much oftener in a daily paper in Baltimore City. But, as we have said, the statute requires only one publication of this notice in each of the two papers, and having complied with the law in that respect, it was entirely in the discretion of the examiner whether any additional publications should be made, or any further expense incurred thereby.

The allegations of the declaration in regard to the other notices appear to be equally free from objection.

It was suggested at the argument that the plaintiff's demurrer to the plea admits that the first notice was not given in the manner required by law, because the petition set forth in said plea contains an allegation to that effect. But we cannot accept this view. The object and intent of the plea clearly was to set up as a bar to this suit the order of the county commissioners rescinding the final order of ratification. The plea does not count upon the allegations of the petitions, but relies upon the rescinding order and says, in conclusion, "that the *effect of said order* was to rescind and revoke the order of ratification," and that therefore, the action cannot be maintained. The most that the demurrer to the plea admits is, that the petition was filed, and that the county commissioners passed their rescinding orders thereon.

It is contended, in the next place, that the cause of action in this case has not accrued.

This contention is based upon the following provision of the Act under consideration: (see Art. 3, sec. 228, Public Local Laws of Maryland.) "After such ratification and confirmation. (that is after the examiner's statement, plat, &c., have been finally ratified by the county commissioners) the said examiner shall proceed forthwith to notify the owner of the property assessed

for benefits, *by means of bills,* specifying the sum so assessed, and warning him that if the same is not paid within sixty days from the date of said bill the said examiner " will proceed to sell the property or sue him in *assumpsit.*

An examination of the declaration fails to show that the plaintiff has complied with this requirement of the law, so reasonable in itself and so important to the land owner. It is true the *narr.* states that after the final ratification, the examiner made "due demand for the difference between the amount so assessed for benefits on the defendant, and the amount allowed him for damages;" but we are compelled to surmise as to the manner in which said demand was made, as well as to the person on whom it was made. We might perhaps infer from the statement that the defendant refused to pay the assessment, that the demand was made upon him, but we cannot, in the absence of an allegation to that effect, infer that the examiner has, as the law directs, notified the defendant by means of a bill for the amount of the assessment, and warned him that if said bill was not paid in sixty days from the date thereof his property would be sold, or he would be sued.

In this respect we think the declaration is fatally defective.

We have not considered the agreement of counsel filed in this Court for the purpose of avoiding this objection, because we think it is clearly settled by the authorities cited on the brief of the appellant, *Parrish vs. The State,* 14 *Md.,* 247; *Johnston's Adm'rs vs. Thomas and George,* 6 *Md.,* 456; *Armstrong vs. Mayor and Council of Hagerstown,* 32 *Md.,* 54, that while agreements to amend the record so as to present the same case here which was heard below are always permitted, counsel will not be allowed to make agreements to amend the record here so as to present to this Court a case which

was not before the Court from which this appeal was taken.

In the case of *Parrish vs. The State,* the Court said: "We have decided the case without reference to the agreement filed in this Court, because the judgment was on demurrer; and if the agreement were accepted as the basis of our opinion, we should be trying a case not passed upon by the Judge below, to say nothing of the anomaly of deciding an issue in law upon facts other than those admitted by the pleadings."

Inasmuch as this case must be remanded for a new trial, it is necessary to pass upon the question raised by the demurrer to the plea, And that question is whether the county commissioners had power or authority to revoke their final order of ratification of the statement, plat, &c., which was passed on the 29th of May, 1889.

We think it is clear they had no such power. This question must be determined by the provisions of the law under which these proceedings were had. The particular provision referred to is section 226, of Article 3 of the Public Local Laws of Baltimore County. While the preceding section gives to the county commissioners certain discretion as to the *location* of streets, as well as power to hear and determine objections to such location, and provides for an appeal to the Circuit Court from the order of said commissioners in regard thereto, yet we find no such provisions in section 226, from which alone the power to revoke must be derived, if it has any existence at all.

It does not appear from an examination of this section (226,) that the county commissioners have any discretion or power whatever as to the opening, grading, and construction of streets aftey they have been duly located. It is the examiner who is required to estimate the damages and benefits, and to determine the amount to be paid

Phil., Wilm. & Balto. R. R. Co. *vs.* Shipley, &c.

by each person assessed. He is also required to file his award for such damages and benefits with the said commissioners, and any person dissatisfied with it must appeal from said award directly to the Circuit Court. And if no appeal be taken within the time limited it is the duty of the commissioners to *confirm the award as returned by the examiner.* It would seem clear, therefore, that the examiner having deposited his statement or award with the county commissioners, and having also given due notice thereof, and no appeal having been taken within the time limited, it was the duty of said commissioners to pass said order of ratification. And having no authority, under these circumstances, to exercise any discretion or judgment—if they had failed or refused to perform a duty so plainly pointed out, they could have been compelled *by mandamus* to pass the final order of ratification.

They had no power to decide whether they would or would not make the final order, and having made it by the express command of the law under which they were acting, we think they had no power of revocation.

It follows that the judgment below must be reversed, and the cause remanded for a new trial.

> *Judgment reversed, and*
> *cause remanded for a new trial.*

(Decided 7th February, 1890.)