## HOOVER v. BIAGINI
(No. 1706; Nov. 24, 1931; 5 Pac. (2d) 291)

For the appellant there was a brief by *Charles L. Brome,* of Basin, Wyoming.

For the respondent there was a brief by *C. A. Zaring* and *Thomas M. Hyde*, of Basin, Wyoming.

Riner, Justice.

This is a proceeding by direct appeal from a judgment confirming the report of commissioners in eminent domain proceedings prosecuted in the District Court of Big Horn County, Wyoming. The procedure in the case in that court was undertaken pursuant to the provisions of Chapter 316, W. C. S. 1920, and was instituted by G. Ralph Hoover, for whom Lucy R. Hoover, his wife, was, by stipulation of the parties, thereafter substituted. The appellant, Louis Biagini, will hereinafter be designated as the defendant, as in the court below, and the adverse party as the petitioner.

On March 18, 1927, a notice of intention to file a petition was personally served on the defendant. This notice was signed by petitioner through his counsel and stated his intention to file a petition in the District Court of Big Horn County against defendant on March 29, 1927, and to ask for a hearing thereon on that date, said notice stating, also, that the object of said petition was to condemn a right of way for an irrigation ditch, naming it, through a designated tract of land, the point of commencement of the ditch and its general course being given. On the date thus fixed, the petition was filed, and on the day following, March 30, 1927, the court entered an order adjudging the necessity for petitioner's right of way, appointing three appraisers or commissioners to assess damages accruing from the appropriation of the right of way, allowing petitioner to take possession of the premises proposed to be taken, and restraining the defendant from interfering with such possession upon filing bond for $750, conditioned upon plaintiff's paying defendant all damages finally assessed for said right of way and for the construction of said ditch across the defendant's land.

April 14, 1927, on petitioner's application, the court entered another order fixing April 15, 1927, at 4 P. M. for the meeting of the commissioners on the premises affected, for a hearing on the question of the damages to be awarded in the matter. A certified copy of this order was, by the sheriff of Big Horn county, served personally on the defendant at 1:45 P. M. the day the order was made. There appears in the record the written appraisement of the commissioners fixing the damages sustained by the defendant in consequence of the location of the right of way sought, the same being dated April 15, 1927. On the 26th of the month last mentioned, the defendant filed a motion for the appointment of new commissioners, asking that a re-appraisement be had, on the ground that the damages fixed by the commissioners first appointed were inadequate. Thereafter and on May 3, 1927, the written appraisement

of the commissioners aforesaid was duly filed in the clerk's office of the District Court of Big Horn county. Defendant did not file any exceptions to the certificate of appraisement thus made and filed until June 18, 1927. On that date he also made and filed a formal application for a jury to determine the damages to be assessed. August 15, 1927, the court entered an order overruling defendant's motion that new commissioners be appointed.

Nothing further appears to have been done in the matter for more than a year and four months. On January 9, 1929, the defendant filed an affidavit as required by law to obtain a change of judge to preside in the case. This change was allowed, and on November 12, 1929, more than ten months later, defendant filed a motion and affidavit for a change of venue. The motion last mentioned was heard February 28, 1930, and an order, dated March 1st, filed March 15th, 1930, was made, granting, to use its exact language: "A change of venue upon condition that he (defendant) put up a bond for costs in the sum of $500." The order did not indicate—it will be observed—to what other county of the state the venue was undertaken to be changed. No bond was ever filed.

The matter then lay dormant until December 10, 1930, when it was taken up before the court without a jury, both parties being present with their counsel. Under date of December 24th following, the judgment complained of was made. Therein the court found, that the defendant was in default, for failure to file bond as provided by the order last above described, and was consequently subject to have all his pleadings disregarded as provided by Section 6421, W. C. S. 1920. It was also therein recited that after plaintiff had introduced evidence in support of the commissioners' award, made as above set forth, the court found that said award should be approved and confirmed. The judgment further recited the payment into court of the amount of said award, and accordingly embodied the final order provided for by Section 4946, W. C. S. 1920, vesting title

to the right of way desired by petitioner in her. The judgment appears to have been entered January 5, 1931.

The contention of the defendant here is that the trial court committed error in making the order granting a change of venue conditional upon his filing the bond for costs required by that order; that the court was in error in adjudging him in default as provided by Section 6421 aforesaid; and that the decree was not sustained by the evidence, and was contrary to law, because the route of the ditch, as appraised by the commissioners, was different from that described in the notice and petition for condemnation, and because the commissioners' appraisement was unfair, they not having properly made the same through not taking into consideration the correct elements of damage.

It may be said that the testimony given on December 10, 1930, was in conflict as to whether the general course of the ditch, as outlined in the notice and the petition, corresponded with the course thereof as actually surveyed and appraised. There is no complaint made that the certificate of appraisement on file did not properly describe the right of way proposed to be taken, inasmuch as it embraced a plat which specifically stated the exact course of the ditch. It may be observed, too, that the petition aforesaid alleged in effect, as a reason for its not giving a more particular description of the proposed right of way, that the defendant declined to allow petitioner to go on the land in order to make the necessary survey.

So far as the other contentions of the defendant are concerned, it is unnecessary for us to consider them, in view of the perfectly obvious condition of the record in the case, when tested by the plain provisions of the law under which all proceedings in the matter were taken.

So much of Section 4945, W. C. S. 1920, as needs to be considered here, provides:

"The award of the said commissioners may be reviewed by the court in which such proceedings may be had, on

written exceptions filed by either party, within fifteen days after the filing of such certificate; and, upon good cause shown, the court may order a new assessment, or may make such other order as right and justice may require. If no sufficient exceptions be filed within the said fifteen days, and if no application be made within such time for a jury trial, as provided in the next succeeding section, the report of the commissioners shall be confirmed. When an assessment shall have been regularly made by the commissioners, as aforesaid, either party within fifteen days after the filing of the certificate of such assessment, if not satisfied with the award, may demand, and shall be entitled to a trial by jury in the District Court, by filing in the proceedings a written application to that effect, accompanied by an affidavit that such application is made in good faith, and not for the purpose of delay, and that the affiant verily believes injustice has been done the applicant by the award of the commissioners. If such jury trial be so demanded after an assessment is regularly made, then no new assessment by commissioners shall be ordered under the last preceding section. When a jury trial shall have been so demanded, the jury shall determine the compensation proper to be made to the owner and persons interested for the taking or affecting of such real property or damage to business conducted thereon.''

It is clear that this section was copied from the earlier enactment included in Sections 4913 and 4914, W. C. S. 1920—those sections standing in the state law relating to condemnation proceedings by railroad companies — the chief variance being that under those sections thirty days are allowed within which to file exceptions to the certificate of assessment and to apply for a jury to determine the damages suffered, while under Section 4945, supra, which governs the proceeding before us, only fifteen days are permitted within which to take these steps. The significant clause in the law above quoted, which is applicable here, is:

''If no sufficient exceptions be filed within the said fifteen days, and if no application be made within such time for a jury trial, as provided in the next succeeding section, the report of the commissioners shall be confirmed.''

20 C. J. 1003, says:

"A constitutional guaranty that the compensation shall be assessed by a jury may be waived. There must be a demand made for a jury, and the right to a jury is waived by failure to make such demand within the time fixed by statute, or by failure to appeal from the decision of the primary tribunal."

In Chicago etc. Railway Co. v. Eubanks, 32 Mo. App. 184, the court, in passing upon the effect of a statute somewhat resembling those in this state relative to the filing of exceptions to the report of commissioners in eminent domain proceedings, said, among other things, this:

"The only question in this case is the correctness of the action of the Circuit Court in striking out the exceptions filed by the railway company, without a hearing on their merits, upon the ground that they were not filed within the time required by law. In the determination of that question, the proper construction of Section 896 of the Revised Statutes is involved. So much of the section as is applicable to the point at issue reads as follows: 'Upon the filing of such report of said commissioners, the clerk of court wherein the same is filed shall duly notify the party whose property is affected of the filing thereof; and the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions, filed by either party in the clerk's office, within ten days after the service of the notice aforesaid.' * * *

"The statute unquestionably meant that the exceptions should not be filed at a later period than ten days after service of notice. The expression, 'after the service of the notice,' was not intended to mean that the exceptions could not be filed till *after* the notice was served, but only as fixing a time when the ten days were to begin to run. I can see no reason in any other view. When the report of the commissioners is filed, either party, on inspection, can determine whether he wishes to except to its provisions. I can conceive of no reason or necessity in waiting till notice is served.

"The meaning of the statute is, that the exceptions shall *be* on file within ten days after service of notice; whether

they are *placed* on file before or after the service can make no difference.''

So in Upper Coos Railroad v. Parsons, 66 N. H. 181, 9 Atl. 10, we find it said:

''An appraisal of land damages by railroad commissioners is conclusive unless appealed from; and either party aggrieved may appeal. If no appeal is claimed within thirty days after notice, the report of the commissioners is final. G. L., c. 160, s. 17. If either party desires an assessment of damages by a jury, the statute provides the mode of obtaining it by an appeal within thirty days, and a party failing to appeal within the time specified, thereby waives his right to have the damages assessed by a jury. By neglecting to appeal, the appellee waived the right to object to the damages awarded by the commissioners.''

A statute closely allied in its provisions to the pertinent clause of Section 4945, supra, was before the Court of Appeals of Maryland, in Philadelphia etc. R. Co. v. Shipley, 72 Md. 88, 19 Atl. 1, 3, where the court remarked:

''It is the examiner who is required to estimate the damages and benefit, and to determine the amount to be paid by each person assessed. He is also required to file his award for such damages and benefits with the said commissioners, and any person dissatisfied with it must appeal from said award directly to the Circuit Court; and if no appeal be taken within the time limited, it is the duty of the commissioners to confirm the award as returned by the examiner. It would seem clear, therefore, that, the examiner having deposited his statement or award with the county commissioners, and having also given due notice thereof, and no appeal having been taken within the time limited, it was the duty of said commissioners to pass said order of ratification; and, having no authority, under these circumstances, to exercise any discretion or judgment, if they had failed or refused to perform a duty so plainly pointed out, they could have been compelled by *mandamus* to pass the final order of ratification. They had no power to decide whether they would or would not make the final order, and, having made it by the express command of the law under

which they were acting, we think they had no power of revocation.''

Likewise, the Supreme Court of Pennsylvania, in St. Clair Borough v. Souilier, 234 Pa. 27, 82 Atl. 1099, relative to the effect to be given a similar statute, said:

''The proceedings are under the act of May 16, 1891 (P. L. 75), as amended by the act of April 2, 1903 (P. L. 124). The amendment provides that upon the report of the viewers, or any two of them, being filed in court, any party interested may file exceptions thereto within 30 days; and it further provides that, in case no exceptions are filed within 30 days, the prothonotary shall enter a decree (as of course) that said report is confirmed absolutely. It is apparent that all the exceptions in the present case were filed too late. The first exceptions were filed more than three months after the filing of the viewers' report, and the last exception was not filed until more than a year afterwards. 'When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice.' Harris v. Mercier, 202 Pa. 313, 51 Atl. 969, and other authorities there cited.''

Finally, this court, in Wyoming Railway Co. v. Leiter, 25 Wyo. 286, 169 Pac. 1, 2, speaking of the consequences of a failure to file exceptions to the award of the commissioners, within the time fixed by the law as it affected condemnation proceedings by railroad companies and mentioned above, has already said:

''It is argued on behalf of plaintiff that by reason of the exceptions to the commissioners' report and the demand for a jury trial by defendants, 'there was no time prior to the entry of the judgment when plaintiffs in error could have paid the proper amount into court.' We do not agree with that statement. More than thirty days from the filing of the report had elapsed before any exceptions thereto were filed, and then they were filed by the plaintiff; and not until nearly six months thereafter were exceptions filed by defendants. At the end of thirty days from the filing of the report of the commissioners, no exceptions being filed, the duty of the court was to confirm the award.''

As we have seen in the case at bar, not only the defendant's exceptions to the certificate of assessment of the commissioners, but also his application for a jury trial, were each filed more than a month after such certificate of assessment had been placed on file by the commissioners in the office of the Clerk of the District Court of Big Horn County. Such filings undertaken by the defendant were, under the plain provisions of the statute, too late. The petitioner in no way attacked the commissioners' action. All the questions the defendant now seeks to raise relative to the inadequate character of the award, or the consideration of improper elements of damage by the commissioners in making it, could and should have been raised by filing sufficient exceptions to the award as the law directs. Further, had the defendant applied for a jury trial in due time, all such matters would have been removed from the case, as, of course, he could have secured a re-assessment of damages by that body absolutely unaffected by the previous award.

Under the situation thus presented by this record, and the unmistakable terms of the law pursuant to which the proceedings in this matter were conducted, upon the expiration of fifteen days from the filing of the commissioners' certificate of assessment, there remained but one thing for the court to do, and that was to confirm the report of the commissioners. This was ultimately done by the judgment here attacked, and we see no other course open to us but to affirm it.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.