T. W. HARRISON V. A. NEWMAN, as County Clerk, etc., et al.

No. 14,087.   (80 Pac. 599.)

SYLLABUS BY THE COURT.

1. EMINENT DOMAIN—Cities of the First Class—Notice by Appraisers. The notice required by section 160 of the act relating to cities of the first class (Laws 1903, ch. 122) to be given by the appraisers appointed to assess damages and benefits incident to the opening of an alley is a substitute for the notice required by section 161a of the same act to be given by the appraisers appointed to assess damages in condemnation proceedings generally.

2. —— Sufficient Notice. A requirement that at least three days' notice in the official city paper shall be given of the meeting of the appraisers in condemnation proceedings is satisfied by the publication of a notice in one issue of such paper nine days before the time set.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed April 8, 1905. Affirmed.

*T. W. Harrison,* for plaintiff in error.

*Charles F. Spencer,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: This litigation originated in a suit challenging the validity of proceedings taken by the city of Topeka to condemn land for use as an alley. The landowner sought to enjoin such proceedings but was denied relief, and now prosecutes error.

The principal controversy turns upon the construction to be given to sections 160, 161, 161a and 162 of the act relating to cities of the first class. (Laws 1903, ch. 122.) Section 161 merely confers the right upon cities to condemn private property for public uses, including that here involved. Section 161a provides for the appointment of appraisers in condemnation proceedings, and for the assessment of damages by them after the giving of notice of the time and

place of their meeting to owners of property affected, personal notice being required in the case of residents. Section 162 relates to the manner of payment of the amounts awarded, and gives a right of appeal. Section 160 provides that when a city appropriates private property for certain stated purposes (including the opening of an alley) the appraisers appointed shall ascertain the value of the land taken and the damages to other property, and apportion the total in accordance with their judgment, charging against the city the amount of benefit to the public, and against each piece of property within a benefit district fixed by ordinance a due share, based upon the extent to which it is peculiarly advantaged; and that they shall give at least three days' notice in the official city paper of the time and place of their meeting for the assessment of damages and benefits.

The vital question is whether the notice provided by section 160 is a substitute for that prescribed in section 161a, or is required to be given in addition to it. The plaintiff insists upon the latter construction. If the statute were an original enactment this contention would derive some plausibility from the order in which these sections occur. Each of the four sections cited, however, is but a reenactment of a prior section, without any very significant change. Sections 161, 161a and 162 are substantially the same respectively as sections 30, 31 and 32 of chapter 37 of the Laws of 1881, appearing as sections 578, 579 and 580 of the General Statutes of 1889 and as sections 754, 755 and 756 of the General Statutes of 1901. The prototype of section 160 was section 1 of chapter 40 of the Laws of 1891, which, as amended by section 1 of chapter 108 of the Laws of 1901, is printed as section 908 of the General Statutes of 1901. When this section was first adopted the sections corresponding to sections 161, 161a and 162 had been long embodied in the statute. It was obviously to be con-

strued in connection with them. It assumed the existence of a general procedure for the condemnation of private property for public use, under which appraisers were appointed to assess damages only, after giving notice in a particular way of the time and place of their meeting. It provided that in certain cases, as in the opening of an alley, the appraisers should assess both damages and benefits, after giving notice in a different way.

The fair construction seems to be that it was not intended that two kinds of notice should be given, but that in cases to which the later statute applied the notice therein described should be sufficient for all purposes. There is nothing in the act of 1903 that suggests a design to change the effect of the old law in this regard. Indeed, one additional clause inserted in the new act has a decided tendency to the contrary. The original section to which section 161a corresponds by its terms applied to all cases of the condemnation by the city of private property for public use, and at the time of its enactment it did have such a general application. Afterward a different procedure was authorized where an alley was to be opened, as now set out in section 160. Accordingly this restriction of the application of the provisions of section 161a is recognized by inserting in it the words "except as herein otherwise provided." We conclude that the only notice required to be given in the present case was that provided in section 160.

The only notice in fact given was by a publication made in one issue of a daily paper nine days before the meeting of the appraisers. Plaintiff claims that this was not a compliance with the requirement of section 160, and argues that "three days' notice in the official city paper means three publications on three separate days in that paper." We do not think this is a correct interpretation. A three days' notice of a meeting is a notice given three days before the

meeting is to be held.   One publication in a daily paper is a notice, and if it is made three days in advance of the time set it is a three days' notice.   (*Phil. Wilm. & Balto. R. R. Co. v. Shipley, &c.,* 72 Md. 88, 19 Atl. 1.)   Similar phrases are of frequent occurrence in the statutes in such connection as to admit of no other construction.   Where a continuous publication is intended this is indicated by the requirement that it shall be made "for" a stated time, or by some equivalent expression.   (*Whitaker v. Beach,* 12 Kan. 492.)

Various other assignments of error have been argued and considered, but are not thought to require discussion.

The judgment is affirmed.

All the Justices concurring.