## No. 39,782

LEE WALKER, *Appellant*, v. CITY OF HUTCHINSON, RENO COUNTY, KANSAS, a municipal corporation; T. E. CHENOWETH, City Manager of said City; ROBERT G. KING, Mayor and Member of the City Commission of said City; CHARLES N. BROWN, JERRY STREMEL, R. C. WOODWARD and C. E. JOHNSON, Members of the City Commission of said City, *Appellees*.

(284 P. 2d 1073)

Opinion filed June 11, 1955.

*A. Lewis Oswald*, of Hutchinson, argued the cause, and *William L. Mitchell*, and *Patrick H. Thiessen*, both of Hutchinson, were with him on the brief for the appellant.

*Fred C. Littooy*, City Attorney of Hutchinson, argued the cause, and *Bill R. Cole*, Assistant City Attorney of Hutchinson, was with him on the brief for appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action in which the plaintiff Lee Walker sought an injunction against the defendant city to prevent an alleged trespass on his real estate. The relief sought was denied by the trial court and plaintiff has appealed.

Insofar as need be noticed plaintiff alleged that he owned certain described real estate in the city of Hutchinson and that on

April 12, 1954, the city, by its officials, commenced proceedings in the district court to condemn property for the acquisition of right-of-way for opening, widening and extending portions of named streets in the city; that plaintiff had never been notified in any manner that the city desired his real estate nor had he ever been served with summons nor given any personal notice that the city had filed the proceeding for the purpose of taking a part of his real estate; that the pretended right of the city to take the real estate owned by the plaintiff rested upon the authority of G. S. 1949, 26-201 and 26-202, which statutes are void and of no force because they attempt to vest the power in the city to take property without due process of law; that the only notice to an owner of real estate, under those statutes, is by publication and is not sufficient under the due process clauses of the United States constitution and the state constitution; that plaintiff had no actual notice or any reason to know the city sought to condemn and take his real estate until the middle of August, 1954, unless it can be said the single legal publication, published once in a named newspaper gave him notice, and that such single published notice was not sufficient to satisfy the requirements of the due process clauses of the above constitutions. It was further alleged that the city was entering upon plaintiff's real estate for the purpose of building a highway across it, all in disregard of plaintiff's rights and that he was entitled to an order enjoining the city from so doing, and he prayed accordingly.

The gist of the defendant's answer was that the city was proceeding under the above statutes, and that it instituted proceedings in eminent domain and that the commissioners appointed by the judge of the district court gave notice by publication in the manner prescribed by G. S. 1949, 26-202 which notice specifically named the plaintiff, described the portion of his real estate being condemned for a public street and which notice was published more than ten days prior to April 27, 1954, the date set forth in the notice for the meeting of the commissioners for assessment of damages and appraisal of the lands taken; that the notice by publication and the procedure followed was authorized by the above statutes and was legal and valid. Attached to the answer was a copy of the notice published in the Hutchinson News-Herald, the official city paper, on April 14, 1954, which shows that notice of condemnation was given to Lee Walker and others that an application had been

made requesting the district judge of Reno county to appoint commissioners to make an appraisement of lands taken under and by virtue of G. S. 1949, Ch. 26, Art. 2, and describing fourteen tracts of land in the city and that the judge had appointed three commissioners who would meet at a specified place on April 27, 1954, then and there to commence and proceed with the duties imposed upon them by law.

The plaintiff's reply admitted the material facts pleaded and denied the legal conclusion that the mentioned statutes did not violate constitutional provisions as to due process.

Details of the trial need not be noted. The trial court prepared a memorandum decision which covered rather fully the questions of constitutionality. The journal entry of judgment discloses the trial court heard the evidence, examined the pleadings and briefs filed and on November 1, 1954, found that G. S. 1949, 26-202 was constitutional; that the city of Hutchinson acted pursuant to it; that plaintiff had not been deprived of his property without due process of law and it denied plaintiff the relief for which he prayed and rendered judgment for the defendants.

The plaintiff perfected his appeal specifying as error that the trial court erred in holding G. S. 1949, 26-202 constitutional and in denying the injunction sought.

The question of constitutionality turns on the first sentence of the last mentioned statute, which reads:

"The commissioners appointed by the judge of the district court shall give any owner and any lienholder of record of the property sought to be taken at least ten days' notice in writing of the time and place when and where the damage will be assessed, or by one publication in the official city paper, and at the time fixed by such notice shall, upon actual view, appraise the value of the lands taken and assess the other damages done to the owners of such property, respectively, by such appropriations."

For purposes of information we note the above statute was amended by the legislature in 1955 by the enactment of Senate Bill No. 313.

In his brief the appellant first directs attention to and quotes from 12 Am. Jur. 267, where it is stated that the elements of due process of law are notice, and an opportunity to be heard and to defend; that it is a rule as old as the law that no one shall be personally bound until he has been duly cited to appear and has been afforded an opportunity to be heard, and that a judgment without such citation and opportunity lacks all the attributes of a judicial determina-

tion and is never to be upheld. Appellant then directs attention to the statute as quoted above and to the fact that it provides two methods for giving notice, one by at least ten days' notice in writing, the other by one publication in the official city paper, and he contends that the first method is fair and the second method unfair. It is here pointed out that he does not contend that if the second method was proper, what was done by the city did not fully meet the statutory requirement. In expanding his argument appellant stresses his age, his education and the length of time he had owned his real estate; that the three branches of the government, executive, legislative and judicial, have a duty to uphold the constitution and that it may not be amiss to consider how such an unconstitutional act was ever made part of the statutes; that in fairness the city should have given him personal notice and should not have followed the provision for publication notice; that the statute provided a right way and a wrong way and the "wrong way" violated his constitutional rights to due process. There is no specific argument that a statute providing for notice by publication in a proceeding to condemn lands in the exercise of the right of eminent domain is unconstitutional as depriving the owner of due process of law, and except for the reference to 12 Am. Jur. 267, there is no citation of any authority in support of the argument made. In such a case we might follow the rule that where, in connection with a contention of error by the trial court, no citation is made of authorities in support, this court may well conclude that counsel, after diligent search, has not been able to find any, and affirm the judgment. (*McCoy v. Fleming*, 153 Kan. 780, 113 P. 2d 1074.)

In our opinion, however, the trial court did not err. In view of the question presented we need pay no attention to the provision for personal service, for none was had. The question is whether a statute which provides for publication service of notice, as was had, deprives the owner of real estate of his property without due process of law.

Our approach to the problem of constitutionality, or lack of it, is governed by the oft recognized rule that all presumptions are that the statute is constitutionally valid and before the court can declare it invalid it must clearly appear to be unconstitutional. (See *Hartman v. State Commission of Revenue and Taxation*, 164 Kan. 67, 70, 187 P. 2d 939; *Miller v. Jackson*, 166 Kan. 141, 143, 199 P. 2d 513; *Board of Education of School Dist. No. 1 v. Robb*, 168 Kan. 368,

369, 212 P. 2d 306, and cases cited therein.) We also bear in mind that the general rule is that proceedings to exercise the right of eminent domain are in rem and not in personam (29 C. J. S. 1129, 18 Am. Jur. 738, McQuillin on Municipal Corporations, Vol. 11, pg. 531, and *Todd v. Atchison, T. & S. F. Rly. Co.*, 134 Kan. 459, 7 P. 2d 79, and cases cited).

Although stated in varying language, in many of the texts and encyclopedias treating of notice in condemnation proceedings the rule almost universally followed is that where the statute does not preclude its application, notice by publication is sufficient and satisfies the constitutional requirement, even with respect to persons residing within the jurisdiction where the proceedings are pending. See Lewis on Eminent Domain, Third Edition, pg. 1010, § 568; Randolph on Eminent Domain, pg. 306, § 337; Nichols on Eminent Domain, Vol. I, pg. 339; McQuillin on Municipal Corporations, Vol. 11, pg. 549; 18 Am. Jur. pg. 967; and 29 C. J. S. pg. 1217.

In Merrill on Notice, Vol. 1, pg. 510, § 518 (published in 1952) it is said:

"Assuming notification to be necessary, there is much liberality in the decisions as to the methods which, consistently with due process, may be employed. Save in isolated instances which hardly serve to mark exceptions to the general rule, personal notification is not regarded as an essential element of the 'law of the land,' unless a personal liability is to be enforced against one not otherwise subject to the 'jurisdiction'. The hallowing effect of time seems the chief factor in judicial willingness to accede to the employment of methods which can be regarded as likely actually to result in knowledge only upon the assumption that the noticee, exercising the highest degree of care to determine whether any monition has been given, will carry his search into the highways and byways. Another factor, no doubt, is the expedition of public business resultant upon sustaining such arrangements.

"Thus it comes about that public posting, eminently inefficient as a source of information under modern conditions, is accepted as consistent with due process of law in drainage, paving, and irrigation proceedings. Publication, a whit more dependable, but still a very precarious way of spreading the news, has received judicial approval in numerous instances, including: special assessment proceedings; proceedings to organize irrigation or drainage districts; the assessment, equalization, and enforcement of taxes; eminent domain proceedings; land registration proceedings; and the process of administrative tribunals. The place of printing the newspaper in which a notice affecting realty is published has been held immaterial, the important thing being publication within the locality wherein the land affected lies. Publication within the limits of the principal city in a water district has been adjudged due process as to owners of land outside the city limits but within the boundaries of the district.

"Naturally combinations such as posting and publishing, or mailing and publishing, or a choice between either of two constitutionally permissible notifications, as posting or publishing, will pass muster."

In *Winnebago Furniture Mfg. Co. vs. The Wisconsin Midland R. Co.*, 81 Wis. 389, 51 N. W. 576, the court considered the sufficiency of a notice arising under a statute similar to ours and held, in part, that:

". . . The statute provides that notice 'may be served personally or at the last and usual abode of such owners and parties interested, not less than five days before such hearing, or by publication in some newspaper to be designated by said court or judge, not less than ten days before the date fixed for the hearing of such petition.' The statute undoubtedly gives the petitioner the right to give notice in either of the methods specified, and by publication on resident as well as nonresident owners, in case the court or a judge thereof shall so provide in the order. There is no constitutional requirement that we are aware of which prevents notice from being given by publication . . ." (l. c. 394)

*Georgia v. Chattanooga*, 264 U. S. 472, 44 S. Ct. 369, 68 L. Ed. 796, involved condemnation of lands for railroad purposes. The facts need not be detailed. In the course of the opinion it was said the taking was a legislative and not a judicial function and an opportunity to be heard in advance need not be given, and further, that personal service on the owner was not essential; that publication of notice was sufficient.

In *North Laramie Land Co. v. Hoffman*, 268 U. S. 276, 45 S. Ct. 491, 69 L. Ed. 953, the court considered an appeal from the judgment of the Supreme Court of Wyoming upholding a condemnation for road purposes. In disposing of the contention that the statute and proceedings under it amounted to a denial of due process of law, the court said:

"All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them; and when that procedure is not unreasonable or arbitrary there are no constitutional limitations relieving them from conforming to it. This is especially the case with respect to those statutes relating to the taxation or condemnation of land. Such statutes are universally in force and are general in their application, facts of which the land owner must take account in providing for the management of his property and safeguarding his interest in it. Owners of real estate may so order their affairs that they may be informed of tax or condemnation proceedings of which there is published notice, and the law may be framed in recognition of that fact. In consequence, it has been uniformly held that statutes providing for taxation or condemnation of land may adopt a procedure summary in character, and that notice of such proceedings may be indirect, provided only that

the period of notice of the initiation of proceedings and the method of giving it are reasonably adapted to the nature of the proceedings and their subject matter and afford to the property owner reasonable opportunity at some stage of the proceedings to protect his property from an arbitrary or unjust appropriation. *Huling v. Kaw Valley Railway & Improvement Co.*, 130 U. S. 559; *Ballard v. Hunter*, 204 U. S. 241, at p. 262." (l. c. 283)

With respect to notice by publication, after stating the facts and the requirements of the statute, the court said further:

". . . These requirements in all material respects are identical with those passed upon by this Court in *Huling v. Kaw Valley Railway & Improvement Co., supra*, in which it was held that a statute of Kansas providing that the condemnation of land for use for railroad purposes might be effected on thirty days' notice by publication in a newspaper, satisfied all the requirements of due process of law." (l. c. 285)

Appellees direct our attention to *Harrison v. Newman*, 71 Kan. 324, 80 Pac. 599. In that case the question was whether one statute requiring personal notice or another providing for notice by publication controlled. This court held the latter statute controlled and that notice thereunder was properly given. No question of constitutionality was involved and the case cannot be said to be decisive here.

No opinion of this court on the precise question of constitutionality of the statute in question has been cited in the briefs, nor does our limited search disclose any, but by the great weight of authority the answer must be that the statute under consideration did not deprive the appellant of due process of law and that the trial court did not err in holding that G. S. 1949, 26-202 was not unconstitutional for any reason asserted by the appellant, and accordingly

The judgment of the trial court is affirmed.