(699 P.2d 573)
No. 56,539

In the Matter of the Estate of Icy M. Maxwell, Deceased.

Opinion filed May 2, 1985.

*Margie J. Phelps,* of Phelps-Chartered, of Topeka, for the appellant.

*Edgar Wm. Dwire* and *Warren G. Jones,* of Malone, Dwire and Jones, of Wichita, for the appellee Southwest National Bank.

*Richard Foster,* of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, for the appellee Wichita Children's Home.

*Harry E. Robbins, Jr.,* of Robbins, Tinker, Smith & Metzger, of Wichita, for the appellee Shriners' Hospitals for Crippled Children.

*David M. Bryan, Jr.,* of Wichita, guardian ad litem.

Before FOTH, C.J., SWINEHART, J. and FREDERICK WOLESLAGEL, District Judge Retired, Assigned.

FOTH, C.J.: This is an appeal from an order admitting a will to probate. Because of inadequate notice to decedent's heirs, we reverse.

Decedent executed the will on October 26, 1983. On October 30, she died. On November 1, her funeral was held, and the petition for probate was filed that afternoon. It recited that there were no known heirs despite the fact that counsel who drew the will and filed the petition had represented decedent for some seventeen years, had drawn at least six prior wills, had the names of several heirs in his files, and had specifically discussed at least one heir with the decedent when discussing the new will just two weeks before; and despite the fact that one legatee was described in the will as decedent's cousin.

The statutory notice was published, advising interested parties

that written defenses must be filed by the hearing date of November 30, or judgment would be entered on the petition.

Counsel for the appellant, a legatee but not an heir, entered the case on November 29, proposing to contest the will on the grounds of testamentary capacity, fraud, and undue influence. No written order of continuance was ever entered, but all agree that the hearing was orally continued to December 28 by agreement of counsel and the court.

In a motion filed by appellant on December 9, two additional heirs were named, besides the one described as a cousin in the will. On December 13, counsel for petitioner mailed a copy of the printed notice to these two heirs; it, of course, notified them that they were two weeks too late to file defenses. Petitioner and his counsel made no further effort to learn of any more heirs, but on December 26, in deposing the cousin named in the will, petitioner's counsel learned of yet three more. Notice was mailed to these heirs on December 28, the date of the hearing for probate of the will. This, obviously, was too late to permit these heirs to defend at that hearing even if they had been advised of the continued date. In fact they, like the heirs notified on December 13, were told, in effect, that their time to object to the will had long passed.

At the probate hearing of December 28, appellant objected to proceeding because, among other grounds, the notice to heirs was inadequate. The court overruled this objection and all others and approved the notice of hearing, specifically finding that a good faith effort has been made to ascertain and notify the heirs of decedent. It thereupon proceeded to hear evidence on the execution of the will and decedent's testamentary capacity, and on December 30, admitted the will to probate.

We think the court's procedure mistook and ignored the import of *In re Estate of Barnes*, 212 Kan. 502, 512 P.2d 387 (1973). In *Barnes*, as here, it became known to the trial court before the probate hearing (a trial de novo on appeal from the probate court) that there were unnotified heirs. It nevertheless proceeded to hear the petition for probate based on a finding that there had been due diligence and a good faith effort at the probate court level to ascertain the decedent's heirs. On appeal the Supreme Court found sufficient evidence to support such a finding and concluded that the failure to notify heirs *who could not be*

*ascertained with due diligence* did not deprive the probate court of *jurisdiction* to admit the will. However, the court further observed that *failure to notify known heirs* denied them due process, citing *Pierce v. Board of County Commissioners*, 200 Kan. 74, 434 P.2d 858 (1967), and *Chapin v. Aylward*, 204 Kan. 448, 464 P.2d 177 (1970).

The court went on to say:

"Once it became apparent at the district court level that all parties interested in the probate of the will and whose rights might thereby be affected, had not been notified of the proceeding, *it became imperative that such parties be so notified* if reasonably possible to do so. Consequently, we believe the trial court erred in proceeding to determine the appeal as it did without notice to these missing heirs or, in the alternative, a showing why they could not be so notified." 212 Kan. at 511. Emphasis added.

See also *In re Estate of Barnes*, 218 Kan. 275, 277, 543 P.2d 1004 (1975).

The result was a reversal and a remand with directions to set aside the order admitting the will to probate, order adequate notice to all heirs, and to hold a new hearing.

The thrust of *Barnes* is to place an affirmative duty on the trial court to see that *known* heirs are accorded due process by the giving of adequate notice. There is no way that the outdated notice given here, and particularly that mailed on the date of the hearing, can be said to be adequate notice. The remedy, as we see it, is the same as in *Barnes; i.e.,* a remand with directions to set aside the order admitting the will to probate, to order notice to interested parties who are known, and to conduct a new hearing on the probate of the will. The trial court's order appears to have been based in large part on its concern that such a sizeable estate should not go unsupervised for any extended period of time. While we agree with this basic premise, the court's concern could have been adequately met by the appointment of a special administrator under K.S.A. 59-710, a suggestion made (if not very forcefully) by counsel for the Shriners' Hospitals.

In view of our disposition of this issue we need not address other points raised by appellant. The judgment is reversed and the case remanded for further proceedings in accordance with this opinion.