The Honorable Herman Dillon State Representative, 32nd District 611 S. Coy Kansas City, Kansas 66105
R. Wayne Lampson County Counselor 710 N. 7th Street Kansas City, Kansas 66101
Dear Representative Dillon and Mr. Lampson:
You request our opinion regarding the provisions of K.S.A. 1992 Supp.79-2811. Specifically you inquire as to its meaning, whether its provisions afford property owner's adequate due process and what title passes to a purchaser under its provisions.
K.S.A. 1992 Supp. 79-2811 provides:
 "(a) If real estate has been or shall be sold and bid by the county, and the redemption period has expired, the board may sell such real estate to provide affordable low-income housing or for community development or economic development purposes which are hereby declared to be public purposes. Any such sale shall not be subject to the provisions of K.S.A. 79-2801 et seq., and amendments thereto.
 "(b) The board of county commissioners may abate any delinquent ad valorem property taxes, special assessments or other special taxes on any property sold pursuant to subsection (a). If such taxes or assessments are not abated, any moneys received from the sale of such property shall be apportioned in the manner provided by K.S.A. 79-2805, and amendments thereto."
The statute seems clear on its face as to the option afforded the county: once real estate has been bid off in the name of the county pursuant to K.S.A. 79-2301 et seq. and the redemption period of K.S.A. 1992 Supp. 79-2401a, as amended, has passed, the board of county commissioners may sell the real estate to provide low-income housing or for community or economic development purposes. If the board of county commissioners sells real estate pursuant to this provision, it may abate any delinquent ad valorem property taxes, special assessments or other special taxes on the property that are not covered by the proceeds of the sale.
The question of constitutionality is a bit more complicated. K.S.A. 1992 Supp. 79-2811 states that sales of real estate under its authority are not subject to the provisions of K.S.A. 79-2801 et seq. This means that sales of property pursuant to K.S.A. 1992 Supp. 79-2811 do not require: the filing of a petition with the district court naming the owner, supposed owner and any other party having or claiming any interest in the real estate to be sold (K.S.A. 1992 Supp. 79-2801, as amended); the issuance of a summons and personal service or publication as appropriate (K.S.A. 1992 Supp. 79-2801, as amended); judicial determination of the amount of taxes, charges, interest and penalty that has been legally assessed, judgment and order of sale (K.S.A. 79-2803); the final opportunity to redeem before the property is sold and, if real estate is sold for more than the judgment, that the excess be paid to the former owner of the real estate (K.S.A. 79-2803); the procedure for the sheriff's sale, the court's examination of the proceedings for regularity, and the issuance of a sheriff's deed granting fee simple title subject only to valid covenants running with the land, valid easements of record in use and taxes and interest (K.S.A. 79-2804); or actions to vacate, open, modify or set aside a tax foreclosure judgment if brought within 12 months of the sale (K.S.A. 79-2804b).
The due process clause of the 14th amendment to the United States constitution requires adequate notice and a meaningful opportunity to be heard before the government may deprive an individual of his or her property. 16A Am.Jur.2d Constitutional Law sec. 839 (1979); 72 Am.Jur.2dState and Local Taxation sec. 916 (1974). The rule is that, where feasible, notice of pending proceedings must reasonably be calculated to inform those parties whose legally protected interests might be adversely and directly affected thereby. Walker v. Hutchinson City, 352 U.S. 112,1 L.Ed.2d 178, 77 S.Ct. 200 (U.S.Kan. 1956); Chapin v. Aylward,204 Kan. 448, 453 (1970); Pierce v. Board of County Commissioners,200 Kan. 74, 83 (1967); Ford v. Willits, 9 Kan. App. 2d 735, 742
(1984), affirmed 237 Kan. 13 (1985). Notice by publication and posting, such as provided for in K.S.A. 79-2303, does not meet the requirements of the due process clause of the 14th amendment if the interested parties' names and addresses are reasonably ascertainable. Mennonite Board ofMissions v. Adams, 462 U.S. 791, 800, 77 L.Ed.2d 180, 188, 103 S.Ct. 2706
(1983); Chapin, supra; Pierce, supra; Ford, supra; Board of LeavenworthCounty Comm'rs v. Cunningham, 5 Kan. App. 2d 508 (1980). There must be an opportunity for hearing before the property deprivation occurs unless there is a compelling state interest to take the property before a hearing may be had. Boddie v. Connecticut, 401 U.S. 371, 379,28 L.Ed.2d 113, 119, 91 S.Ct. 780 (1971); 16A Am.Jur.2d ConstitutionalLaw sec. 839.
K.S.A. 1992 Supp. 79-2811, because it is exempt from the procedures in K.S.A. 79-2801 et seq., lacks provisions to ensure due process. However, absence of such notice and hearing provisions in a statute does not necessarily invalidate the statute. The Kansas Supreme Court has recognized the rule that "where no express provision for notice is made in the statute, if there be nothing in the statute which prevents notice from being given, the requirement of reasonable notice will be implied [citations omitted]. In reality, the court simply reads the provision into the statute in order to uphold its validity as against the Fourteenth
Amendment and Sections 2 and 18 of the Bill of Rights of the Constitution of Kansas." Cities Service Gas Co. v. State CorporationCommission, 192 Kan. 707, 713 (1964). See also Rydd v. State Board ofHealth, 202 Kan. 721, 725 (1969); State, ex rel., v. Columbia PicturesCorporation, 197 Kan. 448, 454 (1966); Cow Creek Valley Flood PreventionAss'n v. City of Hutchinson 166 Kan. 78, 90 (1948). While K.S.A. 1992 Supp. 79-2811 makes the provisions of K.S.A. 79-2801 et seq. inapplicable to sales conducted pursuant to its provisions, it does not appear to prevent notice and hearing from being given. Thus, if adequate notice and a meaningful opportunity to be heard are provided when sales are conducted pursuant to K.S.A. 1992 Supp. 79-2811, due process rights are not violated and the statute is not unconstitutional merely because it does not contain the notice and hearing requirements.
Finally, because K.S.A. 79-2804 is inapplicable to sales conducted pursuant to K.S.A. 1992 Supp. 79-2811, the purchaser at such a sale takes the real estate free and clear of any abated taxes and special assessments, but subject to any other existing encumbrances.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm